THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* THOMAS NEWBOLD, Plaintiff in Error.

*Opinion filed October 28, 1913.*

1. CRIMINAL LAW—*when record of conviction of persons for patronizing a disorderly house is not admissible.* On the trial of one charged with keeping a disorderly house in violation of the statute, the record of the conviction of several men and women for patronizing a disorderly house in violation of an ordinance is not admissible in evidence, even though the house was the same one in both instances, where the defendant was not a party to the prosecutions under the ordinance.

2. SAME—*when conversation between detective and girl is not admissible.* In a prosecution for keeping a disorderly hotel, a conversation between a detective and a girl he had met on the street and taken to the restaurant of the hotel, tending to show that men and women were admitted to the hotel without baggage and regardless of whether they were man and wife, is not admissible, where it was not had where the defendant, or any person other than the participants, had any opportunity to hear.

3. SAME—*evidence should be limited to the manner in which house was conducted.* In a prosecution for keeping a disorderly house in violation of the statute the evidence should be limited to the manner in which the house was conducted, and it is not material to show what charge was booked against persons arrested at the house.

4. SAME—*the Civil Rights act does not justify hotel keeper in keeping a disorderly house.* While a hotel keeper is required, under the Civil Rights act, to furnish equal accommodations to all persons, yet such act does not justify him in keeping a disorderly house or in receiving guests for an unlawful purpose.

5. SAME—*witness should not be asked to give an opinion as to whether defendant kept a disorderly house.* It is improper to ask a witness who has testified to the good reputation of one charged with keeping a disorderly house, whether, under a given hypothetical state of facts, he would believe the accused was conducting a disorderly house.

6. SAME—*jury are the judges of the weight to be given testimony of detectives and informers.* The fact that certain witnesses are detectives and informers or otherwise interested should be taken into consideration by the jury and given such effect in determining the credibility of their testimony as the jury think it should have, but it is not a rule of law that the testimony of detectives and informers should be weighed with greater care than that of other witnesses.

WRIT OF ERROR to the Branch "D" Appellate Court for the First District;—heard in that court on writ of error to the Municipal Court of Chicago; the Hon. SHERIDAN E. FRY, Judge, presiding.

JOSEPH B. FLEMING, and CHARLES S. KNUDSON, for plaintiff in error.

P. J. LUCEY, Attorney General, MACLAY HOYNE, State's Attorney, and EUGENE P. MORRIS, for the People.

Mr. JUSTICE DUNN delivered the opinion of the court:

The plaintiff in error was convicted in the municipal court of Chicago of keeping a house of ill-fame and the Appellate Court affirmed the conviction. This writ of error is prosecuted to obtain a reversal of the judgments.

The first question argued is the sufficiency of the evidence. We shall not consider it further than to say that the evidence was not such as to justify an affirmance of the

conviction in spite of the errors committed on the trial and hereinafter considered.

The plaintiff in error kept a hotel at the place mentioned in the information, which charged, in the language of the statute, a violation of section 57 of the Criminal Code on April 1, 1912. The evidence shows that on February 11, 1912, a number of men and women were arrested in the hotel by the police and taken to the Harrison street station, where the officer making the arrests testified they were booked as inmates of a disorderly house. The People offered in evidence certified copies of the record of the municipal court of the prosecution and conviction of five of these men and women on the charge of patronizing a common, ill-governed and disorderly house, kept for the encouragement of idleness and fornication, in violation of an ordinance of the city of Chicago. The plaintiff in error objected but the court admitted the transcripts. They were not competent evidence on this trial. The plaintiff in error was charged with keeping a common, ill-governed and disorderly house, to the encouragement of idleness, gaming, drinking and fornication, at No. 22 East VanBuren street, in the city of Chicago, in violation of section 57 of chapter 38 of the Revised Statutes, while the defendants, in the proceedings introduced in evidence, were charged with patronizing such a house at the same place, in violation of a city ordinance. The prosecutions under the ordinance were between different parties from those in the prosecution under the statute, and the records of the former were not admissible in the latter for the purpose of proving the character of the house or any other fact upon which the convictions were founded. No man can be affected by proceedings to which he is a stranger. (*Corbley* v. *Wilson,* 71 Ill. 209; *Whitaker* v. *Wheeler,* 44 id. 440.) It is not claimed that the transcripts were admissible to establish the character of the house but that they were admissible to establish the character of the inmates. It was not

charged that the men and women who were convicted were inmates of the house, but only that they patronized the house. It was not charged that the women were prostitutes or street walkers or the men were idlers, gamblers or otherwise of evil reputation. The previous reputation of the men or the women was in no way involved in the issue. If they went to the place for the purpose of fornication they were liable to conviction under the ordinance regardless of their previous character or reputation, therefore the convictions did not tend to prove that they had been previously of evil reputation. It is not claimed that any of them visited the place after their conviction. The admission of these judgments was seriously detrimental to the plaintiff in error, because from them it appeared that the court had in five different cases adjudged that the hotel kept by the plaintiff in error was a common, ill-governed and disorderly house, kept for the encouragement of idleness and fornication, and the jurors were not instructed that they might not accept and act upon such finding as conclusive.

A detective, who was a witness for the prosecution, testified to meeting two girls on the street who afterward went into the house and asked him to buy them a drink. He did so, and one of them asked him to go up-stairs. He asked her charge, and she told him three dollars. He asked the girls if people could go up-stairs without baggage, and they told him they could and said they had been there lots of times. This conversation and invitation should not have been admitted. The detective went into the house with two girls picked up on the street and had a private conversation with them which neither the plaintiff in error nor any other person had an opportunity to hear. While the conduct of the detective and the girls was improper it was secret, and constituted no evidence against the plaintiff in error that he permitted acts of the character referred to.

The plaintiff in error testified in his own behalf and was asked the following questions; "State whether or not

you endeavored in every way to comply with the ordinances of the city and the laws of the State of Illinois." "Do you know of any violation,—that is, personally,—of the laws of the State of Illinois or of the ordinances of the city of Chicago on those premises within the last eighteen months?" The objections were properly sustained, for the questions called for the conclusions of the witness and not for facts. The witness was permitted to state fully the facts concerning the manner in which the premises were conducted.

Objection was made to the testimony of the officer who made the arrests on February 11, that the persons arrested were booked at the police station as inmates of a disorderly house. The charge made against them at the police station was immaterial. The material matter was the manner in which the house was conducted, and the evidence should have been confined to that issue.

Certain witnesses were called for the purpose of testifying to the previous good reputation of the plaintiff in error. On cross-examination one of them was asked this question: "Now, if it is a fact that on or about the 12th day of February, last, twenty-two couples were taken out of that hotel, five of whom were convicted in the police court of the city of Chicago, would you believe such a place as Mr. Newbold conducted was a disorderly house?" An objection to the question was overruled, and an examination, based upon the hypothesis mentioned, followed. The question was improper and the objection should have been sustained. It was competent for the witness to testify to the reputation of the plaintiff in error but not to give an opinion as to whether he kept a disorderly house. A similar cross-examination of other witnesses was improperly permitted.

Complaint is made of the refusal to admit the lease of the premises to the wife of plaintiff in error in evidence,

but the court did not err in sustaining the objection to it. Neither was it error to refuse the instruction which was asked, setting out substantially sections 42*i* and 42*j* of the Criminal Code being a part of the Civil Rights act. While the keeper of a hotel is obliged to furnish equal accommodations to all persons, this obligation does not justify him in keeping a disorderly house or receiving guests for an unlawful purpose, and the instruction asked could have been of no assistance to the jury.

The court refused the following instruction:

"The jury are instructed that greater care should be exercised in weighing the testimony of informers, detectives and other persons specially employed to hunt up evidence against the defendant than in the case of witnesses who are wholly disinterested."

The jury are the judges of the weight of the evidence and the credibility of all the witnesses. It is not a rule of law that the testimony of informers and detectives must be weighed with greater care than that of other witnesses. The fact that they are informers and detectives or otherwise interested should be taken into consideration and given such effect in determining their credibility as the jury, after fair and candid deliberation, think it should have, but the weight it should have is to be determined by the jury as a matter of fact, and not under a legal rule of comparison with other witnesses. *Hronek* v. *People,* 134 Ill. 139; *People* v. *Campbell,* 234 id. 391.

The judgments of the Appellate Court and the municipal court are reversed and the cause will be remanded to the latter court for a new trial.

*Reversed and remanded.*