(No. 17659.—Affirmed in part and reversed in part.)
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* TONY BRUSH, Plaintiff in Error.

*Opinion filed December 23, 1926—Rehearing denied Feb. 10, 1927.*

1. PROHIBITION—*information or indictment may charge separate offenses.* As a general rule, separate and distinct offenses can not be charged in the same indictment or information unless they grow out of the same transaction, but under section 39 of the Prohibition act different counts of an indictment or information may charge different violations of the act, and the defendant may be tried on all at one trial where there has been no request for a bill of particulars nor any motion to require the State to elect or designate the counts upon which conviction will be sought.

2. SAME—*what will support finding that liquor was intoxicating.* Where the evidence shows that the liquor in question caused intoxication it is sufficient to authorize the jury to find that it was intoxicating liquor, even though no chemical analysis is made to show the alcoholic content.

3. CRIMINAL LAW—*judgment on each count is a separate judgment.* Each count of an information for violation of the Prohibition act charges a separate offense and the judgment on each count is a separate judgment. (*People* v. *Gaul,* 233 Ill. 630, overruled.)

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on writ of error to the County Court of Christian county; the Hon. C. J. VOGELSANG, Judge, presiding.

JOHN G. FRIEDMEYER, and THOMAS F. SMITH, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, CARL H. PREIHS, State's Attorney, and ROY D. JOHNSON, for the People.

Mr. JUSTICE FARMER delivered the opinion of the court:

At the October term, 1924, of the county court of Christian county, Illinois, the State's attorney of that county by leave of court filed an information against plaintiff in error for alleged violation of the Prohibition act. The information was amended, upon leave granted, at the December term of court. It contained four counts, the first of which, in substance, properly charged plaintiff in error with the unlawful sale of intoxicating liquor on September 13, 1924; the second count alleged that plaintiff in error on September 16, 1924, unlawfully furnished intoxicating liquor for beverage purposes; the third count charged plaintiff in error with the unlawful possession of intoxicating liquor, to-wit, white mule, on September 13, 1924; and the fourth count alleged the unlawful possession of intoxicating liquor by plaintiff in error on September 16, 1924. Each count negatived the exceptions as set forth in the statute. A motion to quash the amended information was denied by the court, a plea of not guilty was entered and a trial had before a jury at the February term of the county

court. A verdict was returned by the jury finding plaintiff in error guilty under each of the four counts of the information. Motions for a new trial and in arrest of judgment were overruled and the court rendered judgment upon the verdict, as follows: Under the first count a fine of $500 and costs was imposed; under the second count plaintiff in error was adjudged to pay a fine of $500 and costs and to be confined in the county jail for 180 days; under the third count a jail sentence of ninety days was imposed; and under the fourth count plaintiff in error was ordered confined in the county jail for ninety days. The jail sentences under counts 3 and 4 were to run concurrently with that adjudged under count 2, and plaintiff in error was ordered to stand committed to the county jail until all fines and costs were fully paid. The record was reviewed by the Appellate Court for the Third District, where the judgment of the county court was affirmed. A writ of error has been sued out of this court to review the judgment.

Plaintiff in error contends, first, that the court erred in refusing to quash the information for the reason that there was a misjoinder of offenses; and second, that the evidence was not sufficient to support the verdict.

The first count of the amended information charged the unlawful sale of intoxicating liquor by plaintiff in error on September 13, 1924; the second count charged him with unlawfully furnishing intoxicating liquor for beverage purposes on September 16, 1924. It is urged these two counts charged acts of violation of the Illinois Prohibition act upon two separate days; that they are separate and distinct offenses and did not grow out of the same transaction. The third count of the amended information charged plaintiff in error with unlawfully having in his possession intoxicating liquor, to-wit, white mule, on September 13, 1924; the fourth count charged him with unlawful possession of intoxicating liquor on September 16, 1924. It is also urged that counts 3 and 4 charge violations of the act

which are separate and distinct offenses; that such violations are unrelated to each other; that they occurred on different days and did not form parts of the same criminal act or transaction. It is further claimed that the information is indefinite and uncertain in that it does not apprise the accused of the specific charge he is called upon to meet and defend against, and that the information is insufficient to support a judgment that the accused might afterward wish to plead as a bar to a subsequent prosecution for the same offense.

The general rule is that separate and distinct offenses can not be charged in the same indictment or information unless such separate offenses grow out of the same transaction, (*People* v. *Jones,* 291 Ill. 52,) and a motion to quash is the proper method of procedure to reach the defect. However, in this class of cases our statute authorizes separate offenses to be placed or united in separate counts of an information or indictment. Section 39 of chapter 43 (Smith's Stat. 1925, p. 1104,) provides as follows: "In any affidavit, information, or indictment for the violation of this act, separate offenses may be united in separate counts and the defendant may be tried on all at one trial and the penalty for all offenses may be imposed. * * * But this provision shall not be construed to preclude the trial court from directing and furnishing the defendant a bill of particulars when it deems it proper to do so." In the instant case no motion was made requesting a bill of particulars, neither was there any suggestion or motion made to the court seeking to require the State to elect or designate the counts upon which conviction would be sought. Moreover, the evidence shows plaintiff in error was fully aware of the charges made against him. No constitutional question concerning the section of the statute just referred to has been raised by plaintiff in error, and we think, after an examination of the information, that it was sufficiently defi-

nite and certain and not defective or subject to the criticism made.

As previously stated, counts 1 and 3 of the information charged plaintiff in error with violation of the Prohibition act on September 13, 1924. The jury found him guilty under all four counts of the information, including these two counts, and the court pronounced judgment upon each count. The evidence relied upon by the State in seeking a conviction under counts 1 and 3 was given by one Caudill, who testified to being in plaintiff in error's place of business at Assumption, Illinois, between seven and eight o'clock P. M. on September 13, in company with one Dobson, at which time a round pop bottle, marked "Exhibit B," containing a light-colored fluid, was purchased from plaintiff in error for one dollar. Caudill testified it was intoxicating liquor; that he and Dobson each took a drink out of the bottle about a month after buying it and neither of them felt any effects from it. At the conclusion of the evidence the testimony of this witness was stricken by the court, and the record therefore contains no evidence to support the verdict of guilty under the first and third counts. It seems strange that the court would render judgment upon each of these two counts after he had removed from the record and from the consideration of the jury the proof offered by the State under those counts. In our examination of the abstract we find that during the time Caudill was on the witness stand the court stated that unless the evidence given by Caudill was followed up by the State "in regards to the tasting of the liquor, from the time it was alleged to have been purchased and until the time it was turned over to Mr. Baxmeyer, deputy sheriff, until the time it was tested, the same shall be stricken." It further appears that at the close of the People's case "Exhibit A" and "Exhibit B" were offered in evidence by the State, and their admission was objected to by counsel for plaintiff in error. "Exhibit A," which was the half-pint bottle of intoxicat-

ing liquor claimed to have been purchased on September 16, 1924, was admitted, but "Exhibit B" (the bottle alleged to have been bought by Caudill on September 13, 1924,) was not admitted in evidence. The court stated the evidence of Caudill as to the contents of the bottles would be stricken and the objections sustained, and "the jury are instructed to disregard any evidence as to the identification of 'Exhibit B,' and all such evidence as may be in the record regarding the situation at Brush's place on the day of the alleged purchase." By the action of the court all important testimony of Caudill was stricken. The testimony of this witness being stricken out there was no evidence to warrant the jury finding plaintiff in error guilty under counts 1 and 3, and judgment should not have been rendered thereon.

Further evidence produced by the State was, that James Waymeier went into the soft drink parlor of plaintiff in error in Assumption about seven o'clock P. M. on September 16, 1924, and asked him for a half-pint of mule. Plaintiff in error walked into his back room and returned with a flat half-pint bottle containing white mule, which he gave to Waymeier, who paid plaintiff in error one dollar for it. Waymeier testified that he took the bottle, known in this record as "Exhibit A," and went up-street; that the bottle was full, and he took three or four drinks out of it, became intoxicated and lay down beside a corn-crib; that he went to sleep and was awakened about ten o'clock by C. M. Long, the city marshal, and Baxmeyer, who took charge of the bottle and its remaining contents. The witness testified he did not know the alcoholic content of the bottle, but said from his experience in drinking it was commonly known as white mule, and he knew that the liquid in the bottle was intoxicating; that "it made me intoxicated."

F. W. Baxmeyer testified in behalf of the State that he lived in Assumption and was a deputy sheriff of Christian county; that he had known Waymeier about thirty years, and about ten o'clock P. M. on September 16, 1924, in com-

pany with Charles Long, found Waymeier asleep behind
a corn-crib of the Farmers' elevator. Witness and Long
aroused Waymeier and took him across the street to the
city hall. Long also picked up the bottle lying beside Way-
meier and known as "Exhibit A" and later gave it to the
witness, who subsequently delivered the bottle to the sher-
iff's office. The witness smelled liquor on Waymeier and
considered him pretty well intoxicated. One or two other
witnesses testified concerning the identity of "Exhibit A"
and as to its contents being the same as when found and
picked up by the city marshal, Long. By stipulation it was
agreed the testimony of four other witnesses who did not
appear, and some of whom were connected with the sheriff's
office, would show the identity of "Exhibit A" and its con-
tents. Concerning this there appears to be no serious con-
troversy, and the proof is sufficient.

Plaintiff in error denied the charges made against him
and denied that he sold any intoxicating liquor to Way-
meier. He testified he and two men, who were good friends
of his, were in his place of business between seven and
eight o'clock P. M. on September 16, 1924, and saw Way-
meier go by, staggering, but later plaintiff in error testified
this happened on a different date.

Counsel for plaintiff in error maintain the State's evi-
dence is insufficient to warrant a conviction, particularly
in view of the fact that no chemical analysis was proven
showing the alcoholic content of the liquid alleged to have
been purchased by Waymeier. Section 2 of the Prohibition
act defines the meaning of intoxicating liquor and what it
shall be construed to include. The fact as to whether
or not the liquid in "Exhibit A" was intoxicating was a
question for the jury, to be determined from the evidence
as any other essential fact in the case. It is unnecessary
for us to further discuss the evidence produced by the State
in this connection, except to say that the liquid contained
in "Exhibit A" was shown to cause intoxication, and there-

fore it must have been intoxicating liquor. We are unable to say, from a consideration of all the evidence, that the jury were not warranted in finding plaintiff in error guilty under counts 2 and 4 of the information.

Each count in the information charges a separate offense and the judgment on each count is a separate judgment. (*Borschenious* v. *People,* 41 Ill. 236; *People* v. *Elliott,* 272 id. 592.) What is said to the contrary in *People* v. *Gaul,* 233 Ill. 630, is not adhered to.

The judgment of the Appellate Court is affirmed as to counts 2 and 4 and reversed as to counts 1 and 3.

*Judgment affirmed in part and reversed in part.*