(No. 19626.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* CHARLES FREITAG, Plaintiff in Error.

*Opinion filed October 19, 1929.*

WILLIAM N. HAIRGROVE, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, and JOHN A. McKEENE, State's Attorney, for the People.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

Charles Freitag was prosecuted in the county court of Scott county on an information consisting of eight counts charging him with violations of the Prohibition act. The jury returned a verdict finding him guilty as charged in the first and second counts, and acquitted him of the charges made in the remaining counts. Upon the first count a fine of $300 was imposed and upon the second there was a sentence of six months to the Illinois State Farm at Vandalia.

Freitag prosecuted a writ of error from the Appellate Court for the Third District and that court affirmed the judgment. He has sued out this writ of error for a further review of the record.

The plaintiff in error resides about three-quarters of a mile southeast of the city of Winchester, in Scott county, and is engaged in farming and the purchase and sale of livestock. He is a widower and has a son and three daughters. At the time the information was filed, his daughters lived with him, while his son was in the United States navy.

From the prosecution's evidence it appeared that during the period of six months prior to the time the prosecution was instituted, three of the neighbors of the plaintiff in error had seen a large number of automobiles stop at his house each day and that occasionally his visitors became intoxicated during their calls. A certain driver of an automobile, one of the neighbors asserted, made three or four trips to the house daily.

Charles Colvin, employed by the county to investigate violations of the Prohibition act, testified that on March 9, 1927, accompanied by one Pauley, he visited the home of the plaintiff in error and bought a pint of whiskey from Pearl Freitag, one of his daughters, and paid her $1.50 for it; that he drank a portion and found it intoxicating; that he gave the rest of the liquor to the sheriff; that he did not see the plaintiff in error until after supper when the latter gave the witness a drink of whiskey; that the whiskey caused his intoxication and that he was then taken into custody by the sheriff.

George E. Mann and John Berliew, also investigators for the county, went to the house of the plaintiff in error on June 21, 1927, and bought whiskey from him. They paid $1.50 for it. On July 7, the same investigators again called at the same house and bought a pint of whiskey. The liquor bought on these two occasions was delivered to the sheriff by the investigators.

On July 16, 1927, John E. Coultas, a deputy sheriff, accompanied by John Drew and George E. Mann, entered the house of plaintiff in error, read a search warrant to him and searched the premises. Five gallons of homebrew or mash were found behind the kitchen door; a jug containing a gallon of new whiskey was discovered in another room, and beer in pint and quart bottles and a jug containing homebrew were found in other parts of the house. These liquors were also delivered to the sheriff.

After their safe keeping had been accounted for, the sheriff produced upon the trial the liquors which the investigators had delivered to him. They were introduced in evidence, and an analysis by a chemist showed their alcoholic content by volume to vary from 4.3 to 49.4 per cent.

Plaintiff in error testified that Colvin came to his house one day in March, 1927, and remained for dinner; that Colvin had a bottle of liquor at the time and offered him a drink which he refused; that he did not give Colvin any liquor, nor did he see his daughter do so; that on June 21, following, two men who gave their names as Mann and Berliew came to his house seeking to insure his livestock but that they left when he informed them that his stock was insured; that he never sold either of them any liquor, and that the jug of liquor taken from his house at the time it was searched belonged to a hired man. He admitted that he had homebrew in his house but he insisted that it had no intoxicating effect upon him.

Wes Walker, a laborer employed by the plaintiff in error, and Alva Walker, his wife, testified that several guests were present at the house of the plaintiff in error on the evening of March 9, 1927, but that no liquor was served them. They further testified that they saw Colvin drink liquor from a bottle at the time and heard him say that when it was consumed he knew where he could get more. Walker admitted that he drank at least two bottles of homebrew on that occasion but asserted that it had no effect

upon him. Mrs. Walker testified that she was in the same room with Pearl Freitag during the evening and that the latter sold no liquor.

Pearl, Irene and Edna Freitag, the daughters of the plaintiff in error, denied that liquor was sold in their father's house on March 9, 1927. Pearl Freitag testified that she saw Colvin drink from a bottle on that day and both she and her sister Irene thought he was intoxicated. Edna Freitag saw him offer Walker a drink but she did not know where he obtained the liquor. Pearl and Irene saw two men approach the house in an automobile on June 21, 1927, and after their father held a brief conversation with them, he returned to the house. Edna heard her father say that insurance men had called that day, but she did not see them. Edna and Irene were not at home on July 7, but Pearl and Charles Woodall testified that the plaintiff in error and Woodall went fishing on the afternoon of that day and that no strangers called before nine o'clock that evening. The daughters admitted there was homebrew in the house, but denied that it was intoxicating. Pearl and Irene testified that the jug taken from the house on July 16 was found in a rear bed-room occupied by an employee and that their father was not responsible for its presence.

The first contention made by the plaintiff in error for a reversal of the judgment is that the trial court erred in denying his motion for a change of venue. The information was filed on July 18, 1927, during the July term of the county court. That term ended on October 15, 1927. The application for a change of venue was made on December 31 of the same year. Section 25 of the Change of Venue act (Cahill's Stat. 1927, p. 2492; Smith's Stat. 1927, p. 2758), provides that "no change of venue shall be granted after the first term at which the applicant might have been heard, unless he shall show that the causes for which a change is asked have arisen or come to his knowl-

edge since the term at which the application might have been made." Not only did the plaintiff in error fail to show that the cause for which he asked a change of venue came to his knowledge since the July term of the county court, but, on the contrary, he stated in his application that he acquired such knowledge during that term. Non-compliance with the statute affirmatively appearing from the application, a change of venue was properly denied. *People* v. *Birger,* 329 Ill. 352.

It is further contended that the evidence of sales of intoxicating liquors prior to July 16, 1927, should not have been admitted. Testimony that liquor was bought by different persons, and that the liquor, upon chemical analysis, was shown to be intoxicating, was not necessarily confined to any particular date. Such testimony was competent, in connection with the other evidence in the case, to sustain the charge in the second count of the information, that the plaintiff in error unlawfully possessed intoxicating liquor for the purpose of making sale of it in violation of the Prohibition act.

Plaintiff in error contends that the jury, by their verdict, failed to find him guilty of any offense. The verdict read: "We, the jury, find the defendant guilty in maner and form as charged in the first and second counts of the information in the case, of having intoxicating liquor in his possion with intention of sale on July 16, 1926, and not guilty on all other counts." Verdicts will be reasonably construed and will not be set aside except from necessity originating in doubt with respect to their meaning. The test of the sufficiency of a verdict is whether the jury's intention can be ascertained with reasonable certainty. If that intention can be so ascertained, the verdict will be sustained. (*People* v. *Williams,* 334 Ill. 241; *People* v. *Quesse,* 310 id. 467; *People* v. *Shupe,* 306 id. 31; *People* v. *Kargula,* 285 id. 478; *People* v. *Patrick,* 277 id. 210; *People* v. *Brown,* 273 id. 169; *People* v. *Lee,* 237 id. 272).

Neither the omission of the letter "n" from the word "manner," nor the omission of the letters "ess" from the word "possession" is misleading. When the verdict is read as a whole no doubt concerning its meaning arises, and the jury's intention is clear. The verdict was therefore sufficient.

The contention is made that judgment was rendered on each of the first two counts of the information and hence that double punishment was imposed for the same offense. Section 39 of the Prohibition act (Cahill's Stat. 1927, p. 1081; Smith's Stat. 1927, p. 1181), provides: "In any affidavit, information, or indictment for the violation of this act, separate offenses may be united in separate counts and the defendant may be tried on all at one trial and the penalty for all offenses may be imposed." In the instant case the first count charged that the plaintiff in error unlawfully possessed intoxicating liquor on July 16, 1927, in violation of section 3 of the Prohibition act; that the liquor contained more than one-half of one per cent of alcohol by volume; that it was fit for beverage purposes and that his possession was without a permit from the Attorney General. The count negatived the possession which the Prohibition act recognizes as lawful. The second count was similar to the first save that it charged that the possession of the liquor by the plaintiff in error was for the purpose of sale. In the remaining counts other violations of the Prohibition act were alleged. Evidence was offered by the prosecution to sustain the charges made in the several counts of the information. The jury found the plaintiff in error guilty of the unlawful possession, on July 16, 1927, of intoxicating liquor for the purpose of sale. He was acquitted of all the other charges laid in the information. Since he was found guilty of a single offense, the imposition of a penalty for that offense only was justified. *Weaver* v. *State,* 74 Ohio St. 53; 33 Corpus Juris, p. 799, sec. 557.

The punishment prescribed by section 33 of the Prohibition act (Cahill's Stat. 1927, p. 1080; Smith's Stat. 1927, p. 1180), for the offense of which the plaintiff in error was found guilty by the jury is either a fine ranging from $100 to $1000, or imprisonment for not less than sixty days nor more than six months. The statute does not authorize, as punishment for the particular offense, both the imposition of a fine and a sentence of imprisonment. The county court was vested with the power, upon the second count and the jury's verdict, to sentence the plaintiff in error to six months' imprisonment. The verdict did not, however, afford a basis for the imposition, in addition to the term of imprisonment, of a fine of $300 upon the first count.

Each count of an information for violations of the Prohibition act charges a separate offense and the judgment is a separate judgment as to each count. (*People* v. *Brush,* 324 Ill. 261). The judgment rendered upon the first and second counts is therefore separable. Upon the review of a judgment which consists of distinct and independent matters and which permits the segregation of an erroneous portion from that which is correct, this court will not reverse the entire judgment but will set aside only the erroneous portion and leave the remainder undisturbed. (*People* v. *Holton,* 326 Ill. 481; *People* v. *Brush, supra; People* v. *Elliott,* 272 Ill. 592; *Borschenious* v. *People,* 41 id. 236). It follows that the fine of $300, which was erroneous, must be eliminated from the judgment, and that the sentence of imprisonment, which was authorized, must be sustained.

The judgment of the county court to the extent only that it imposes upon the plaintiff in error a fine of $300 upon the first count is reversed. In all other respects that judgment is affirmed.

*Judgment affirmed in part, and reversed in part.*