The People of the State of Illinois, Defendant in Error,
v. Isaac Franklin, Plaintiff in Error.

Gen. No. 8,047.

8

Opinion filed December 6, 1929. Rehearing denied February 4, 1930.

J. E. Bairstow and George W. Field, for plaintiff in error.

Ashbel V. Smith, for defendant in error; Sidney H. Block, of counsel.

Mr. Justice Jones delivered the opinion of the court.

Isaac Franklin was found guilty by a jury on 23 counts of an original and amended information charging him with possession and sales of intoxicating liquor in violation of the Prohibition Act, Cahill's St. ch. 43, ¶ 1 *et seq.* The original information consisted of two counts. Subsequently the information was amended by the addition of 22 other counts. Counts 1, 3, 4, 7, 8, 11, 12, 13, 14, 19, 21, and 23 charge unlawful possession. The other counts charge unlawful sales. The original information and amendment were verified by the State's Attorney. A motion to quash the information as amended and each count thereof was overruled. On the trial, defendant was found guilty on all the counts except count 2. Motions for new trial and in arrest of judgment were overruled and judgment entered on the verdict, that defendant be imprisoned on the Illinois State Farm at Vandalia for a period of 60 days on each of the counts on which he was found guilty of unlawful sales, aggregating 660 days. The terms of imprisonment are to run consecutively and not concurrently. Defendant was also fined $150 on each of the counts charging unlawful possession aggregating $1,800. It was further ordered by the court that if at the expiration of said term of imprisonment, the fine of $1,800 was not paid, defendant should stand committed until such fine and costs were satisfied and worked out on said State Farm at the rate of $1.50 per day.

The record shows that defendant was operating a so-called soft drink parlor and poolroom, serving

lunches and selling tobacco, cigarettes, etc. The place was frequented by both white and colored people. It was equipped with a bar and back bar and defendant employed a colored bartender. During a raid, two constables armed with a search warrant, found behind the bar a bottle of intoxicating liquor labeled "Gin" and some empty whiskey bottles on the floor. Several of the witnesses who testified for the prosecution were employees of a detective agency and it is urged that they were unworthy of belief. No one except the defendant disputed their testimony. All of them except one testified to purchases of intoxicating liquor in defendant's place of business. The evidence of hired discoverers of supposed delinquencies has been frequently criticised by the courts when their remuneration was dependent upon the extent of their discoveries. However, it is not a rule of law that the testimony of informers and detectives must be weighed with greater care than that of other witnesses. The fact that they are informers and detectives, or are otherwise interested, should be taken into consideration and given such effect in determining their credibility as the jury, after fair and candid deliberation think it should have, but the weight of their testimony is to be determined by the jury as a matter of fact, and not under a legal rule of comparison with other witnesses. (*People v. Newbold,* 260 Ill. 196.)

The jury were permitted to take the amended information to their room but before it was given them, the verifications were detached by direction of the court. No objection was made at the time. Defendant's counsel was not present, having retired from the court room without asking that the proceedings be suspended. Counsel's absence was voluntary and he thereby waived any right to complain that he did not object because of his absence. (*Sahlinger v. People,* 102 Ill. 241.)

The affidavit attached to the information was no part of it (*People v. Clark,* 280 Ill. 160), and it was not error to detach the affidavit before the information was taken by the jury. (*People v. Doe,* 250 Ill. App. 657.). The jury may take the information with them upon their retirement. The common-law rule was that the jury might take with them such books and papers as had been produced in evidence and as the judge may direct. Whether a writing should be delivered to the jury upon their retirement is largely within the sound discretion of the trial court. (*Cooke v. People,* 231 Ill. 9.)

The 12th instruction given on behalf of the prosecution read: "To constitute the offense charged in this case, the intent alleged in the information is necessary to be shown, but direct and positive testimony is not necessary to prove the intent; it may be inferred from facts and circumstances shown by the evidence." The instruction assumed in the last clause that the facts and circumstances shown by the evidence justified the inference of the intent alleged in the indictment. This instruction was condemned in *People v. Johnson,* 333 Ill. 469.

The 13th instruction informed the jury that the reasonable doubt the jury is permitted to entertain to authorize an acquittal must be as to the guilt of the accused on the whole of the evidence and not as to any particular fact in the case not necessary to constitute the crime charged. A similar instruction was condemned in *People v. Clark,* 301 Ill. 428; *People v. Seff,* 296 Ill. 120; *People v. Cramer,* 298 Ill. 509; *People v. Johnson,* 317 Ill. 430; *People v. Rongetti,* 331 Ill. 581, 598; and *People v. Mooney,* 303 Ill. 469.

Notwithstanding the error in giving the instructions above mentioned, it is well settled that unless upon a new trial, a different result might reasonably be expected, a court of review will not reverse the judgment

of a lower court for an error in the giving of instructions. (*Stansfield v. Wood*, 231 Ill. App. 586; *Ehrenheim v. Yellow Cab Co.*, 239 Ill. App. 403.) From a consideration of the whole record, it is apparent that no different result might be expected upon another trial, as the evidence of defendant's guilt is conclusive. In a close case, or if it were reasonable to think that upon another trial a different verdict might be rendered, this court would not hesitate to reverse the judgment and remand the cause on account of the error in the giving of the instructions mentioned.

Defendant was properly sentenced under each of the counts charging unlawful sales. Each sale charged constitutes a separate and distinct offense, even though growing out of the same transaction. Section 39, Cahill's St. ch. 43, ¶ 40, provides that separate offenses may be united in separate counts and the defendant may be tried for all on one trial, and the penalty for all offenses may be imposed. That provision of the statute has been upheld in *People v. Brush*, 324 Ill. 261.

A more serious question arises from that part of the sentence imposed under the counts charging unlawful possession. Each count of the information charging unlawful possession alleges a different date, except the 1st and 21st counts name the same day. The earliest date on which unlawful possession is charged in the information is January 10, 1928. The last date on which unlawful possession is charged is January 20, 1929, and the dates alleged by the other counts range between those two dates. It was incumbent upon the prosecution to show that the possession charged in the information was an unlawful possession. In order to sustain a conviction for an unlawful possession on more than one day or on more than one occasion on the same day, under different counts in the information, it was necessary for the prosecution to show that each possession charged was a different possession than

that charged in the other counts. That is to say, the same possession of the same liquor on two different days or occasions does not constitute two separate offenses. Two convictions cannot be had for the same offense. The judgment imposed a separate sentence under each count charging unlawful possession. There is no proof in the record that the unlawful possession charged in any one of the counts was not the same possession of the same liquor charged by the other counts.

It was therefore error to enter judgment against the defendant on more than one count charging unlawful possession of intoxicating liquor. The date of the offense charged in the third count is January 10, 1928, and is the earliest date fixed in any of the counts under which the defendant was found guilty. According to the rule as applied to prosecutions under the Prohibition Act, Cahill's St. ch. 43, ¶ 1 *et seq.*, as laid down in *People v. Brush*, 324 Ill. 261, the judgment of the county court is affirmed as to the convictions under counts charging unlawful sales and is also affirmed as to the conviction charging unlawful possession of intoxicating liquor as laid in count 3, but is reversed as to all other convictions.

*Judgment affirmed in part and reversed in part.*