(No. 20217.—

The People of the State of Illinois, Defendant in Error, *vs.* Isaac Franklin, Plaintiff in Error.

*Opinion filed October 25, 1930—Rehearing denied Dec. 9, 1930.*

500

J. E. BAIRSTOW, and GEORGE W. FIELD, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, and ASHBEL V. SMITH, State's Attorney, (S. S. DUHAMEL, and SYDNEY H. BLOCK, of counsel,) for the People.

Mr. JUSTICE STONE delivered the opinion of the court:

Plaintiff in error was found guilty by a jury in the county court of Lake county under an information charging possession and sale of intoxicating liquors in violation of the Prohibition act. Eleven counts charged the defendant with sales of intoxicating liquors and twelve counts charged illegal possession of such liquors. On review the Appellate Court affirmed the judgment entered on the eleven counts

charging sale and on one of the counts charging illegal possession and reversed the other eleven of such counts.

Plaintiff in error argues as ground for reversal that it was error to permit the information to go to the jury, that errors were committed in the instructions to the jury, and that the twenty-three counts of the information in fact charged but two offenses and that plaintiff in error could be convicted for but two offenses—one for the sale of intoxicating liquor and one for the possession thereof. The Appellate Court held that he could be charged with but one offense for illegal possession of intoxicating liquor in the absence of proof showing that the liquor possessed on different days was not the same. Counsel's contention, so far as it pertains to the charge of illegal possession, is therefore not in the case.

At the close of the hearing of evidence the court permitted the information to go to the jury after directing the State's attorney to detach therefrom the State's attorney's affidavit as to each count, and it is argued that this was error. From the argument of counsel for plaintiff in error we can not determine whether he complains that it was error to permit the jury to take the information to the jury room or that it was error to detach the affidavits of the State's attorney. Certain it is, if the latter is the contention, plaintiff in error could not be injured by detaching the affidavits, since the affidavit of the State's attorney might, in the absence of proper instruction, cause the jury to feel that the information was to be treated as evidence. Nor was it error to permit the information to go to the jury. In fact, the jury could not have intelligently passed on twenty-three different counts of the information without having such counts before them. No objection was made by defendant's counsel as he was not present, having left the court room immediately after the arguments. The rule is that the jury, in criminal cases, may take with them those objects which

are directly connected with the subject matter of investigation. Whether a writing shall be delivered to the jury upon their retirement rests largely in the discretion of the trial judge. (*People* v. *Andrae,* 305 Ill. 530; *Cooke* v. *People,* 231 id. 9.) It was not error to permit the information to go to the jury room.

Certain instructions and refusal of instructions are complained of. People's instruction No. 13 deals with the weight of the evidence. The last sentence of the instruction is as follows: "The reasonable doubt the jury is permitted to entertain to authorize an acquittal, must be as to the guilt of the accused on the whole of the evidence, and not as to any particular fact in the case not necessary to constitute the crime charged." In support of the contention that the giving of this instruction was reversible error plaintiff in error's counsel cite *People* v. *Clark,* 301 Ill. 428. The instruction in that case is different in a material respect. That instruction told the jury that the reasonable doubt that the jury was permitted to entertain to authorize an acquittal must be as to the guilt of the accused on the whole evidence and "not as to any particular fact in the case not material to the issue in the case." The rule requiring the jury to be satisfied of the defendant's guilt beyond a reasonable doubt in order to warrant a conviction does not require them to be satisfied beyond a reasonable doubt of each link in the chain of circumstances relied upon to establish the defendant's guilt, nor does the rule that each and every material allegation of the indictment must be proved beyond a reasonable doubt require that the jury be satisfied beyond a reasonable doubt of each link in the chain of circumstances. It is not necessary that each particular fact should be proved beyond a reasonable doubt if enough facts are proved to satisfy the jury, beyond a reasonable doubt, of all of the facts necessary to constitute the crime charged. (*People* v. *Murray,* 307 Ill. 343; *People* v. *Christy,* 302 id. 343; *People* v. *Judycki,* 302 id. 143.) We are of the

opinion that the jury in this case could not have been misled by the instruction given.

It is also argued that the court erred in instructing the jury that "to constitute the offense charged it is necessary that intent be shown but direct and positive testimony is not necessary to prove the same but it may be inferred from facts and circumstances." Counsel cite in support of their contention that this was error, *People* v. *Johnson,* 333 Ill. 469. In that case the defendant was charged with burglary with intent to commit a felony, and in that case, and other cases where the intent is specifically charged, it has been held that it was misleading to give an instruction to the jury that it was not necessary to prove intent. In *People* v. *Russell,* 322 Ill. 295, a similar instruction was given in a case where the defendant was charged with murder and complaint was made of that instruction, but it was held not to be erroneous for the reason that intent to kill does not enter into the definition of murder. Such instruction could therefore not prejudice the defendant. In *People* v. *Guido,* 321 Ill. 397, the same rule was laid down. The instruction, in so far as it told the jury that direct and positive testimony is not necessary, was correct. The language saying that intent may be inferred from facts and circumstances shown by the evidence is open to the objection that it might lead the jury to feel that the court was of the view that the facts and circumstances showed intent. We would not be justified in reversing this judgment because of such instruction, as intent was abundantly shown by proof of numerous sales.

It is argued that the court erred in hearing evidence as to the age of plaintiff in error after the return of the verdict. Counsel, however, do not point out in what way plaintiff in error was harmed thereby. The jury did not find the age of plaintiff in error and no such form of verdict was given them. The jury had nothing to do with the punishment in this case, and evidence of the age of plaintiff in error, therefore, could not have influenced them on the

question of his guilt or innocence. The judgment of the court was that plaintiff in error be confined to the Illinois State farm at Vandalia for 660 days and pay a fine of $1800. While it does not appear from the abstract presented just how the court arrived at this measure of punishment or what judgment the Appellate Court entered, no objection is raised as to the form of judgment entered or the amount of the fine or term of imprisonment finally fixed by the Appellate Court, and in the absence of such objection we will assume that they were correctly fixed. Under section 2 of the State Farm act, which authorizes the court to sentence male offenders above the age of sixteen to jail or to commit them to the Illinois State farm where the sentence is for more than sixty days, it was necessary for the court to determine whether plaintiff in error was above the age of sixteen years. No ground of prejudice to plaintiff in error by reason of this procedure is argued in counsel's brief and we are unable to see any.

The point to which counsel for plaintiff in error devote the larger part of their brief is that the offenses charged in the different counts of the information were, in fact, but one offense though charged as on separate dates, and that he could be legally subjected to punishment for but one offense of sale of intoxicating liquor and one for illegal possession of intoxicating liquor. The Appellate Court sustained that contention as to all counts charging possession other than the third count. Plaintiff in error has not clearly pointed out his contention concerning the different charges of sale. Under section 39 of the Prohibition act authority is specifically given to unite separate counts charging separate offenses, though of the same character, in the same information and to try and punish all such offenses. This section of the statute has been held valid. (*People* v. *Brush,* 324 Ill. 261; *People* v. *Nelson,* 319 id. 386.) This contention is without merit.

Counsel also argue that the proof does not sustain the conviction for the reason that the proof was largely given by hired detectives, who testified that they went to the place of plaintiff in error and purchased intoxicating liquor, and by a constable, who testified that he raided the place and secured a bottle of gin. It is not clear from counsel's argument whether they seek to question the competency of the evidence of the detectives or whether their argument applies merely to the weight of that evidence. The question of competency of evidence is, of course, for the court, and the weight thereof is in the first instance for the jury. Whether a detective's testimony is reliable or unreliable depends upon the facts and circumstances of each case and what, if any, interest he has in the suit or the outcome of it. It is not a rule of law that the testimony of informers and detectives must be weighed with greater care than that of other witnesses. The fact that they are informers or detectives or otherwise interested should be taken into consideration and their testimony given such weight as the jury think it entitled to, but the weight it is to receive is to be determined by the jury as a matter of fact and not under a legal rule of comparison with other witnesses. *People* v. *Newbold,* 260 Ill. 196; *People* v. *Gardt,* 258 id. 468; *People* v. *Campbell,* 234 id. 391; *Hronek* v. *People,* 134 id. 139.

The evidence abundantly shows that plaintiff in error was conducting in the city of Waukegan a place where he sold intoxicating liquor, as charged in the various counts of the information, and the jury were justified in returning a verdict of guilty.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*