(No. 34671.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* FLOYD CAVANAUGH, JR., Plaintiff in Error.

*Opinion filed May 21, 1958.*

TAYLOR E. WILHELM, of Ottawa, for plaintiff in error.

LATHAM CASTLE, Attorney General, of Springfield, and HARLAND D. WARREN, State's Attorney, of Ottawa, (FRED G. LEACH, WILLIAM H. SOUTH, and PETER F. FERRACUTI, of counsel,) for the People.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

Defendant, Floyd Cavanaugh, Jr., was charged in an information filed in the county court of La Salle County with the offense of aggravated assault and battery in count one of the information. Count two charged that defendant did unlawfully and violently assault, beat, wound, ill-treat, and injure one Keith Chapman with his fists and did cause

severe personal injuries to said Keith Chapman. He was tried before a jury in said county court, which returned a verdict finding him guilty of the crime of aggravated assault and battery, fixing punishment at imprisonment in the county jail for a term of nine months and imposing a fine of $50. Motions in arrest of judgment and for new trial were denied, and judgment was entered on the verdict. Defendant took his case by writ of error to the Appellate Court, Second District, which court affirmed the judgment of the trial court. (14 Ill. App.2d 573.) He now brings the case by writ of error to this court to review his conviction.

Defendant contends (1) that he was tried upon an improper charge of aggravated assault and battery, a statutory offense too vague and indefinite to support the indictment, (2) that the State's Attorney and his witnesses usurped the functions of the jury, (3) that many of the instructions given for the People were erroneous, prejudicial, and incorrect expressions of the law, and (4) the court incorrectly advised the jury as to the law of self-defense and defense of habitation.

Each of the errors urged by the defendant was adequately considered by the Appellate Court. We have reviewed each of the assigned errors and find that the Appellate Court has fully and correctly determined each issue.

The Appellate Court did find certain errors were committed in the trial court. That court correctly determined that those errors were insufficient to require reversal. It is not the policy of this court to reverse a judgment merely because error has been committed, unless it appears that real justice has been denied thereby or that the verdict of the jury may have resulted from such error. (*People* v. *Murphy,* 276 Ill. 304.) We do not find that the errors committed in the trial of this cause were of such nature as to have denied justice or precipitated the verdict.

 493

The opinion of the Appellate Court for the Second District, heretofore rendered in this cause, is hereby adopted as the opinion of this court and the judgment of the trial court is affirmed.

*Judgment affirmed.*