(No. 35323.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JAMES CARVIN, Plaintiff in Error.

*Opinion filed September 29, 1960.*

KENNETH J. BURNS, JR., of Chicago, for plaintiff in error.

GRENVILLE BEARDSLEY, Attorney General, of Springfield, and BENJAMIN S. ADAMOWSKI, State's Attorney, of Chicago, (FRED G. LEACH, and JIM D. KEEHNER, Assistant Attorneys General, and FRANCIS X. RILEY, and WILLIAM W. WINTERHOFF, Assistant State's Attorneys, of counsel, for the People.

Mr. JUSTICE SOLFISBURG delivered the opinion of the court:

The defendant, James Carvin, and codefendants Joseph Smith, Howard Benson and Jafus Benson were indicted by the Cook County grand jury for armed robbery. A jury found all four guilty. Motions of defendant Carvin for an order of discharge notwithstanding the verdict and for a new trial were overruled, judgment was entered on the verdict, and the defendant was sentenced to the Illinois State Penitentiary for a term of 7 to 15 years. The cause is in this court on writ of error to the criminal court of Cook County.

The defendant contends that there was error in the giving of instructions; that the defendant's identity was not established beyond reasonable doubt; and that actions of the assistant State's Attorney conducting the trial in displaying guns before the jury constituted reversible error with reference to Carvin. The State insists that the de-

fendant was not prejudiced either by the instructions or by argument, and was proved guilty beyond a reasonable doubt.

It appears from the record, that in the early hours of November 17, 1956, a group of people were attending a party in the home of Wendell Spraggins. Three people were on the first floor preparing food in the kitchen and the others were in the basement playing cards and drinking. About 2:30 A.M. four men entered the house and robbed those present of money, watches and other property. There were two batteries committed upon two of the guests by the robbers, some of whom were masked and armed. One of the robbers took some money, a wallet and a wrist watch from Spraggins.

Spraggins and two other eyewitnesses identified Carvin as a participant in the robbery. Spraggins also identified a watch, People's exhibit 1, as one taken from him in the robbery. He was aided in his identification by a missing second hand and nicks and rust on the back. Carvin claimed the same watch, taken from him at the time of arrest, was his own, that he placed the second hand in a wallet, and he produced a second hand of a watch in evidence. Carvin further denied any participation in the robbery.

On this state of the record, defendant Carvin complains of the giving of the People's third instruction which reads as follows: "The exclusive possession, shortly after the commission of a larceny, robbery or burglary, of stolen property, the proceeds of the crime, if unexplained, may of itself raise an inference of guilt of the person having such possession, sufficient to authorize a conviction in the absence of any other evidence of facts or circumstances in evidence which leave in the mind of the jury a reasonable doubt as to the guilt of such person." The instruction was tendered by the People and was discussed by counsel and the trial judge. The defendant's counsel objected to its delivery upon the ground "there isn't any evidence to support

any such thing" and later he stated "it may be error for the other defendants."

On this review Carvin argues that such an instruction constitutes prejudicial error, because the factual basis of the inference, *i.e.,* that the watch was stolen, is controverted.

This instruction was taken *verbatim* from the *People* v. *Stone*, 349 Ill. 52 at page 59, which also involved a controversy over whether the property possessed by defendant was stolen. In that case the propriety of giving such an instruction was thoroughly examined by this court and it was held that the rule as laid down in the instruction has long been the rule in this State. We think the holding in the *Stone case* is applicable here. Reading the instructions together, we think the jury could not have been misled and were left free to determine the question of fact as to whether the watch was stolen. Considering the record, we believe the jury was amply justified in finding the watch, People's exhibit 1, to have been property of the witness Spraggins stolen in the robbery. We do not believe that the giving of the instruction was prejudicial error.

It is true that in some cases where this instruction has been approved, the jury has also been instructed that the question of the identity of the stolen property was for the jury. (*People* v. *Bennett,* 3 Ill.2d 357; *People* v. *Nixon,* 414 Ill. 125; *Williams* v. *People,* 196 Ill. 173.) If such instructions had been tendered, we think that they might well have been given. However, in this case, defendant tendered four instructions and withdrew one. The other three were given as tendered. Inasmuch as the trial court properly saw fit to give People's instruction No. 3 and the defendant at the time did not request the giving of any instruction which he thought might be required to clarify that instruction there can be found no reversible error in the trial court's failure *sua sponte* to give instructions which might be explanatory to the challenged instruc-

tion. The trial judge has no duty to give instructions on his own motion where defendant does not request them. (*People* v. *Baker*, 8 Ill.2d 522.) We are not of the opinion that other instructions such as were given in *People* v. *Nixon*, 414 Ill. 125, must be offered by the People to avoid prejudicial error.

From a careful examination of the record as a whole, we feel that the defendant had a fair trial and that he was properly found guilty by the jury. The defendant recognizes that the testimony of one credible witness alone is sufficient to convict even though the identification of an alleged participant in a crime is contradicted by the accused. (*People* v. *Pride*, 16 Ill.2d 82.) Here three persons positively identified Carvin as a participant. Despite minor discrepancies in the testimony of some witnesses for the State, which is not unusual considering the confusion prevailing during the robbery, we think the jury was amply justified, on this record, in finding Carvin guilty beyond a reasonable doubt.

While the display of certain guns may not have been necessary to the presentation of the People's argument, we do not think that reversible error was committed or that the presence of or reference to the guns was prejudicial to Carvin. The court admonished the jury that any reference to guns was not to be construed as bearing upon Carvin. We have carefully examined the cases cited by defendant including *People* v. *Urban*, 381 Ill. 64. The factual records in those cases are so distinguishable as to render them inapposite here. In the *Urban case*, the defendant was not even identified as a participant in the crime.

A complete examination of the record clearly indicates that Carvin received a fair trial, and we believe the jury was fully justified in its verdict. As a result of the foregoing conclusions, the judgment of the trial court must be affirmed.

*Judgment affirmed.*