**The People of the State of Illinois, Plaintiff-Appellee, v. Donald Lloyd Lacey, Defendant-Appellant.**

Gen. No. 67–59.

Third District.

March 27, 1968.

Donald E. Blodgett, Public Defender, of Rock Falls, for appellant.

William G. Clark, Attorney General of State of Illinois, of Springfield, and L. E. Ellison, State's Attorney, of Sterling, for appellee.

CULBERTSON, J.

After a jury trial in the Circuit Court of Whiteside County, the defendant, Donald Lloyd Lacey, was convicted of burglary and sentenced to the penitentiary for a term of not less than two years nor more than ten years. He has appealed contending that he was not proved guilty beyond a reasonable doubt, and that the trial court committed reversible error in a ruling on evidence.

Recourse to the record shows that during the early morning hours of January 19, 1967, police officer Gordon Millerschone was on motor patrol in the City of Morrison. Around 3:45 a. m. he observed a light colored Rambler automobile parked near the Spot Tavern, located at 125 Main Street. As was his custom, the officer wrote down the first three digits of the license number and then continued on his patrol. Shortly thereafter, as he was stopped for a traffic sign, the same vehicle drove past him and he saw that it was occupied by two men, one of whom he thought was wearing glasses. At this time he wrote down the entire license number. He then drove back to where the car had been parked near the

tavern and discovered two sets of footprints in the snow leading to the back entrance of the tavern. Upon seeing that the glass had been broken out of the door, he radioed the sheriff's office and then aroused Richard Kicksey, a son of the tavern operator, who was sleeping in an apartment located above the business. After entering the tavern the two men found glass on the floor in front of the back door, and noted evidence that the place had been ransacked. Kicksey, who had closed the tavern at midnight, then checked a cash drawer and register, wrote the amount missing on a slip of paper and gave it to Millerschone. The latter then radioed this further information to the sheriff's office.

Later in the day the police contacted Robert Barker, a former brother-in-law of defendant, who lived on the outskirts of Morrison. He admitted that he had been using his mother's yellow Rambler automobile the previous evening and, at the trial, likewise admitted that its license number corresponded with that testified to by officer Millerschone. Although Barker first denied any knowledge of the burglary, he soon recanted and implicated defendant. At the trial he admitted having been in the company of defendant and the latter's half-brother, Russell Lucas, on the evening of January 18, 1967. He stated that they had spent about an hour in the Spot Tavern from 8:00 to 9:00 p. m.; that they returned to his home for about half an hour, then went back to the Spot Tavern and had a few more drinks before going to another tavern. According to Barker, the three men again went to his home but defendant and Lucas left around 11:30 or 12:00 o'clock, driving his mother's Rambler. The witness said he went to sleep, that he was awakened when defendant and Lucas returned, and that he watched them counting currency which came to a little over $800. He said he was given $40 in change, although

he professed not to know why, and that defendant and Lucas left in their own automobile at 5:30 a. m.

Harm Fredricks, the operator of a truck stop at Lyndon, nine miles from Morrison, testified that defendant and Lucas had been at his place of business around 1:30 a. m. on the morning of January 19, 1967, that they were driving a yellow Rambler, and that they didn't stay long. He further stated that the two men returned to the station close to 4:00 a. m., still in the Rambler, at which time they purchased gasoline and defendant said he was headed for Texas. The witness indicated that he had known defendant before, but did not know Lucas.

Defendant, who stated that he was residing in Davenport, Iowa, on the date of the crime, testified in his own behalf and agreed that the movements of himself, Barker and Lucas in and around Morrison prior to midnight of January 18, 1967, were substantially as Barker had testified. Additionally, and most importantly, defendant admitted that he and Lucas had driven the Rambler automobile when the two of them left the Barker residence around 11:30 p. m. He categorically denied, however, that he had broken into the Spot Tavern; that he had later counted money in the Barker home; that he had had more than $10 or $15 on his person that night; or that he had given money to Barker. By defendant's version, after he and Lucas left the Barker home around 11:30 p. m. they drove to the Fredrick truck stop in Lyndon where they obtained something to eat and remained for approximately three or four hours, passing the time by talking between themselves and with a waitress. He said they left Lyndon between 4:15 and 4:30 a. m., that they purchased gasoline before they left, and that they returned to Barker's home just long enough to get their own car before starting their return to Davenport.

433

■■ Unquestionably the evidence shows conclusively that the crime of burglary was committed by some person or persons who broke and entered the Spot Tavern. It is defendant's contention, however, that he was not proved guilty beyond a reasonable doubt due to the circumstantial and doubtful nature of the evidence connecting him with the crime. But circumstantial evidence is legal evidence which will support a conviction, it being necessary only that the circumstances proved be of a conclusive nature and tendency leading, on the whole, to a satisfactory conclusion and producing a reasonable certainty that the accused and no one else committed the crime (People v. Bernette, 30 Ill2d 359, 197 NE2d 436; People v. Grizzel, 382 Ill 11, 46 NE2d 78). Where such evidence is of so strong and convincing a character as to satisfy the jury of the guilt of an accused beyond a reasonable doubt, its verdict must be sustained (People v. Wilson, 387 Ill 563, 56 NE2d 630). It is only where a conviction rests on circumstantial evidence that raises little more than a suspicion against an accused and leaves a grave and serious doubt of guilt, that a court of review is justified in disturbing a jury's verdict (People v. Dougard, 16 Ill2d 603, 158 NE2d 596).

■■ From a careful scrutiny of the record in this case we are convinced the jury was fully justified in finding that defendant had been proved guilty beyond a reasonable doubt. He was familiar with the tavern premises, having gone there on two occasions a matter of hours before the burglary; an automobile which he admitted was in his custody from 11:30 p. m. to until shortly after 4:30 a. m. was seen unoccupied at the place where, and at the time when, the burglary was committed (Cf. People v. Wilson, 387 Ill 563, at 567, 56 NE2d 630); footprints in the snow were traced from the place the vehicle was parked to the smashed rear door

of the tavern; it was established that a substantial sum of money was missing from the tavern; and within an hour after the discovery of the burglary defendant and Lucas were observed counting a large sum of currency at the Barker home. Proper to consider, too, are the circumstances that defendant and Lucas used the Rambler automobile of Barker's mother, even though their own vehicle was operable, and that Barker was paid the sum of $40 for some unexplained reason. It is true that defendant denied the majority of these circumstances, and that he interposed the alibi, contradicted by Fredrick, that he and Lucas remained at the restaurant in Lyndon from about 11:30 p. m. until 4:15 or 4:30 a. m. However, it was the function of the jury to determine the credibility of the opposing witnesses and the weight to be accorded their testimony, and we see no basis for substituting our judgment in such respects.

Similarly, we do not find, as defendant contends, that an insurmountable doubt of his participation in the crime arises from the testimony of officer Millerschone that he first saw the Rambler automobile in Morrison around 3:45 a. m., and the testimony of Fredrick that defendant returned to the truck stop at Lyndon, nine miles away, close to 4:00 a. m. Both witnesses were patently giving only estimates of the time, as the jury was aware, and the discrepancy is not so great as to overcome the other circumstances connecting defendant to the crime. (Cf. People v. Dennis, 28 Ill2d 525, at 527–528, 193 NE2d 14.) In our opinion there was sufficient evidence to permit the jury to satisfactorily conclude beyond a reasonable doubt that defendant had committed the crime.

■ ■ After proper foundation testimony by the radio operator involved, the prosecution was permitted to introduce into evidence the sheriff's radio log for Jan-

uary 19, 1967, which reflected, among other things, that Millerschone had reported the sum of about $700 as having been taken in the burglary. Prior to this George Kicksey had testified that he thought about $500 had been taken, and Millerschone had stated that he no longer had in his possession the slip of paper Kicksey had given to him on the night of the crime. Defendant asserts here, as he unsuccessfully objected below, that the log and the testimony of the operator were improper hearsay evidence. We do not agree. As an exception to the hearsay rule, it has been repeatedly held that records kept by a public officer, dealing with his official activities and either required by statute or reasonably necessary for the performance of the duties of the office, are admissible to prove the matters recorded (Bell v. Bankers Life & Casualty Co., 327 Ill App 321, 64 NE2d 204; Cleary, Handbook of Illinois Evidence, 2nd ed, § 17.39; Wigmore on Evidence, 3rd ed, Vol V, § 1639). Surely in this day of law enforcement by modern equipment, a radio log is a record reasonably necessary for the proper and orderly conduct of a sheriff's office and, as such, was properly admitted into evidence. (Cf. People v. Halpin, 276 Ill 363, 375–376, 114 NE 932 (daily patrol sheets); General Exchange Ins. Corp. v. McRoy, 268 Ill App 425 (theft notification record); Frederick v. City of Peoria, 203 Ill App 486 (certificate of appointment).)

The judgment of the Circuit Court of Whiteside County is affirmed.

Judgment affirmed.

ALLOY, P. J. and STOUDER, J., concur.