THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROBERT E. LENKER II, Defendant-Appellant.

(No. 55410; )

First District—June 28, 1972.

*Rehearing denied July 26, 1972.*

336

Walter H. Moses, Jr., of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and Michael R. Epton, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE ADESKO delivered the opinion of the court:

Defendant, Robert E. Lanker II, was convicted of murder after a jury trial and was sentenced to the Illinois State Penitentiary for a term of not less than 25 nor more than 30 years. Defendant raises the following issues for review:

(1) Whether defendant was proven guilty beyond a reasonable doubt;

(2) Whether the court erroneously failed to instruct the jury concerning the proper standard for determination of guilt of the defendant where the evidence is entirely circumstantial; and

(3) Whether defendant's trial counsel was so incompetent as to create a substantial prejudice to defendant without which the outcome of the trial would probably have been different.

The facts are as follows:

On December 26, 1969, at approximately 11:30 P.M., Frank C. LePert was shot in the left side of the head, near the ear, while working as a security guard in front of McDonald's restaurant at 6825 North Clark Street in Chicago. His body was taken to the Northeast Community Hospital where he was pronounced dead and then to the Cook County Morgue where an autopsy revealed that a bullet wound was the cause of death.

On December 26, 1969, defendant and several other youths attended a party at 6624 N. Ashland Avenue in Chicago. At about 9:30 that evening, defendant and four youths left the party and went to the home of one of the youths, Gary Kallas. At approximately 10:15 that evening, defendant and the four other youths left the Kallas home and defendant drove them in his automobile to the McDonald's drive-in restaurant at 6825 N. Clark Street in Chicago. Defendant drove a dark green 1969 Chevrolet Chevelle Malibu, with a black vinyl top. Defendant was wearing a navy blue pea coat, navy blue knit stocking cap and light green slacks. When they arrived at the restaurant, four of the youths including the defendant went inside to order and while inside two of the youths began to play at boxing. The security guard on the premises, Frank L. LePert asked them to leave. The youths left the restaurant and on the way back to their car, one of them, George Roberts, dropped a bag onto the ground. The security guard told Roberts to pick up the bag and when another of the youths attempted to do so, the security guard got angry and insisted that George Roberts do it. Roberts did retrieve the bag. The youths then all returned to defendant's car, but before leaving, defendant in a loud and angry tone profanely told the security guard to get away from his car. The group left the restaurant between 11:00 and 11:30 P.M.

After leaving the restaurant, the youths returned to the party on Ashland Avenue where everyone got out of defendant's car except the defendant himself, who explained that he had business to take care of and drove off.

One of the youths at the party, Miss Donna Lieberman, testified that defendant returned to the party about midnight, and that she asked him if he had gone back to beat up the security guard. Defendant replied that he wouldn't waste his time. Miss Lieberman also testified that the previous day she had seen a holster in defendant's auto.

A customer at the McDonald's restaurant, David Tokoph, testified that on the night of December 26, 1969, at about 11:30 P.M. he was walking out of the restaurant after purchasing some food when he saw a dark green or black 1968 or 1969 Chevelle Malibu with a black vinyl top stop

in the middle of the street directly across from the restaurant and he saw the driver, facing the restaurant, roll down his car window. Tokoph identified the driver of that car as the defendant. Tokoph then testified that he heard a gun shot, saw the McDonald's security guard Frank C. LePert fall and saw the car driven by defendant speed away with its wheels spinning. Tokoph saw the auto run a red traffic light at the intersection of Pratt Blvd. and Clark Street and as Tokoph turned to return to his own vehicle, he heard what he thought to be a car wreck.

Charles McBaron, another patron of the McDonald's restaurant, testified that about 11:30 on the night of December 26, 1969, he was walking away from the restaurant when he heard a noise, like a gunshot and turned to see a dark green auto pulling away and Frank LePert the security guard fall. When McBaron rushed over to the guard he found him bleeding from a wound near the back of the head.

Miss Lorraine Jadrick testified that on the night of December 26, 1969, she was proceeding west on Pratt Blvd., reaching the intersection of Pratt Blvd. and Clark Street sometime around 11:00 or 11:20 P.M. When the traffic light turned green she began to turn left onto the southbound lane of Clark Street when a dark late model Chevelle, traveling south on Clark Street went through the red light and struck the right front fender of Miss Jadrick's auto. The car then drove off. Miss Jadrick testified that the driver of the car that struck her was a white male, wearing a dark navy pea coat and a stocking cap.

A passerby at the scene of the accident reported that the license number of the car that struck Miss Jadrick was 722 714. When the police checked the Illinois Motor Vehicle registrations, however, they found that license number 722 714 was issued to a 1969 Cadillac and that it did not fit the description of the car involved in the accident.

On the morning of December 27, 1969, officer Donald Grehn of the Chicago Police Department answered a call regarding an illegally parked car in the alley behind 1440 W. Devon. When he arrived on the scene he obseved a 1969 dark green Chevelle with a black vinyl top, bearing Pennsylvania license plate 7Z2 714. The car had extensive damage to its left front end. Realizing the "Z" could have been misinterpreted as a 2 and that this could be the vehicle involved in a hit and run and homicide investigation, which he had been instructed to look for, the officer called for detectives to investigate. The detectives uncovered documents in the vehicle indicating that the vehicle belonged to the defendant, Robert Lenker II who was arrested and charged with murder.

Defendant was tried before a jury and on May 14, 1970, he was found guilty of murder. Judgment was entered on the verdict and defendant's motions for a judgment notwithstanding the verdict or for a new trial

were denied. It is from that judgment and the denial of defendant's post trial motions that defendant appeals.

● 1 Defendant's initial contention on appeal is that the State failed to prove him guilty of murder beyond a reasonable doubt. Defendant contends that as no witness saw him actually shoot Frank LePert, the evidence against him was totally circumstantial. To justify a conviction based solely upon circumstantial evidence, the evidence must be of such a nature as to produce a reasonable and moral certainty that the accused committed the crime and defendant maintains this burden was not met in the instant case.

■■■ Circumstantial evidence is legal evidence and a conviction based upon circumstantial evidence may be sustained just as if the conviction were based upon direct evidence. (*People v. Bernette*, 30 Ill.2d 359, 197 N.E.2d 436; *People v. Lacey*, 93 Ill.App.2d 430, 235 N.E.2d 649.) To support a conviction upon circumstantial evidence, it is only necessary that the proof of circumstances be of such a conclusive nature and tendency as to lead, on the whole, to a satisfactory conclusion and to produce a reasonable and moral certainty that the accused and no one else committed the crime. (*People v. Marino*, 44 Ill.2d 562, 256 N.E.2d 770; *People v. Bernette*, 30 Ill.2d 359, 197 N.E.2d 436.) The jury need not be satisfied beyond a reasonable doubt as to each link in the chain of circumstances relied upon to establish guilt, but it is sufficient if all the evidence taken together satisfies the jury beyond a reasonable doubt of the accused's guilt. *People v. Franklin*, 341 Ill. 499, 173 N.E. 607; *People v. Lofton*, 64 Ill.App.2d 238, 212 N.E.2d 705

■■ Where circumstantial evidence is so strong and convincing in character as to satisfy the jury of the guilt of an accused beyond a reasonable doubt, its verdict must be sustained (*People v. Wilson*, 387 Ill. 563, 56 N.E.2d 630), and it is only where a conviction rests upon circumstantial evidence that raises little more than a suspicion against an accused and leaves a grave doubt of guilt, that a court of review is justified in disturbing a jury's verdict. *People v. Dougard*, 16 Ill.2d 603, 158 N.E.2d 596.

In the instant case, witnesses saw the same color and make of auto as defendant drove at the scene of the murder when the killing occurred. Defendant was identified as the driver of that car that stopped directly across the street from where the victim stood. Defendant was seen to roll down the vehicle's window at the time the victim was shot and an instant after witnesses heard a shot and saw the victim fall, defendant, in his auto, was seen to hastily flee the scene with his wheels spinning. He was then seen driving through a stoplight at Clark Street and Pratt Blvd., less than a block from the murder scene, immediately after which a wit-

ness heard the sound of an auto wreck. Another witness testified that an auto similar to defendant's crashed into her car at Pratt Blvd. and Clark Street at approximately the time the murder occurred. A passerby identified the license number of the vehicle that ran through the stoplight as 722 714. Defendant's vehicle was subsequently found with extensive front end damages and defendant's license number of 7Z2 714 could easily have been mistaken for 722 714. On the night before the murder defendant was seen with a holster in his car and on the night of the murder, defendant swore in a loud and angry tone at the victim.

■■ After careful examination of the record in this case, we find that based upon the evidence presented by the State, which was uncontroverted by defendant who presented only two casual acquaintances as character witnesses, the jury was fully justified in finding that defendant had been proven guilty beyond a reasonable doubt.

Defendant next contends that the trial court erred in instructing the jury upon the proper standard for the determination of defendant's guilt where the evidence is entirely circumstantial. People's instruction No. S-6 which was given instructed the jury that:

"Circumstantial evidence is the proof of facts or circumstances which give rise to a reasonable inference of other facts which tend to show the guilt or innocence of the defendant. Circumstantial evidence should be considered by you together with all the other evidence in the case in arriving at your verdict."

The instruction as given was in the exact language of the Illinois Pattern Jury Instruction- Criminal, No. 3.02, but omitted the last sentence of the I.P.I. instruction which is in brackets and which the Committee Note suggests should be given only when the proof of guilt is *entirely* circumstantial. Omitted was the sentence:

"[You should not find the defendant guilty unless the facts and circumstances proved exclude every reasonable theory of innocence.]"

Defendant contends that the omission of that sentence was error.

■■ It is well settled that if an accused wishes a particular instruction to be given on a certain point it is his duty to prepare and ask for such instruction. (*People v. Walls*, 33 Ill.2d 394, 211 N.E.2d 699; *People v. Mueller*, 2 Ill.2d 311, 118 N.E.2d 1.) A trial judge has not duty to give instructions where a defendant does not tender them and a defendant cannot complain upon review that an instruction was not given when defendant never tendered that instruction at trial. (*People v. Carvin*, 20 Ill.2d 32, 169 N.E.2d 260; *People v. Caldwell*, 79 Ill.App.2d 273, 224 N.E.2d 634, *aff'd.* 39 Ill.2d 346, 236 N.E.2d 706.) In the instant case, defendant never tendered the instruction complained of, containing the

language of the last sentence of I.P.I.- Criminal, No. 3.02. Defendant thus cannot raise the failure of the trial court to give that instruction for the first time on review.

■■■ Defendant did object to the tender of People's instruction No. S-6 which omitted the language complained of. However, no grounds whatever for that objection were expressed in the record. Objections to instructions which are general only and lack specificity are not reviewable. (*People v. Neukom*, 16 Ill.2d 340, 158 N.E.2d 53; *People v. Knox*, 116 Ill.App.2d 427, 252 N.E.2d 549.) Defendant is thus precluded from raising his objection for the first time on appeal Moreover, even error at trial does not require reversal unless it appears that justice has been denied or that the verdict of the jury resulted from such error. (*People v. Tranowski*, 20 Ill.2d 11, 169 N.E.2d 347; *People v. Cavanaugh*, 13 Ill.2d 491, 150 N.E.2d 592.) In the case at bar, our examination of the record reveals no reasonable theory of innocence arising from the evidence. We therefore do not find that a failure to give the instruction defendant complains of was of such nature to have denied justice or to have precipitated the verdict.

■■■ Defendant's final contention on appeal is that he was denied effective assistance of counsel. Defendant in the instant case was represented by private counsel. Where a defendant in a criminal case employs private counsel, his conviction will not be reversed merely because his counsel failed to exercise the greatest skill or for that reason that it might appear, in looking back over the trial, that he had made some tactical blunders. (*People v. Stephens*, 6 Ill.2d 257, 128 N.E.2d 731; *People v. Ney*, 349 Ill. 172, 181 N.E. 595.) A conviction will not be reversed unless representation was of such low caliber as to amount to no representation at all, or that it was such as to reduce the trial to a farce. (*People v. Strader*, 23 Ill.2d 13, 177 N.E.2d 126; *People v. Clark*, 9 Ill.2d 46, 137 N.E.2d 54, *cert. denied*, 352 U.S. 1002, *rehearing denied*, 353 U.S. 931.) Upon examination of the record presented here, it cannot be said that the representation of defendant was of such low caliber as to require a reversal.

For the foregoing reasons, the judgment of the Circuit Court of Cook County is affirmed.

Judgment affirmed.

DIERINGER, P. J., and BURMAN, J, concur.