THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROGER HOLT, Defendant-Appellant.

(No. 71-50;

Third District—October 12, 1972.

James Geis, of Defender Project, of Ottawa, for appellant.

Edward P. Drolet, State's Attorney, of Kankakee, for the People.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an appeal by the defendant, Roger Holt, from his conviction after trial by jury in the circuit court of Kankakee County for the offenses of armed robbery and aggravated battery. The defendant was sentenced to the penitentiary for a term of not less than 5 nor more than 10 years for the crime of armed robbery and for a term of not less than 1 nor more than 10 years for aggravated battery, both sentences to be served concurrently.

The factual situation which resulted in the defendant's convictions occurred on February 22, 1970, at a restaurant truck stop located a mile east of the village of Grant Park, Illinois. Between 6:30 and 7:00 o'clock A.M. on this date the first of four victims, a Howard Engleking, unlocked the restaurant door and proceeded to make coffee for himself and some friends whose custom it was to meet there for Sunday morning breakfast. Engleking had been in the restaurant for only a few minutes when three black men entered. Without warning he suddenly found a gun pointed at his head and he was ordered to lie face down on the floor. His wallet was removed from his pocket and he was then rendered unconscious. Just prior to losing consciousness Engleking remembers that an individual later identified as Wesley Pollock was brought into the room where he was confined. Pollock had been struck on the head with a gun and then

fired at five times. Four times the weapon misfired, the fifth time the bullet passed over his head. The next victim to enter the restaurant was a Fred Schweppe. He immediately found a gun pointed at his face and he was ordered to lie upon the floor, his wallet containing his drivers license, other identifying cards and $44.00 in money along with his car keys were removed from his person and then he was also knocked unconscious. A Wayne Wilson next entered the restaurant and was promptly rendered unconscious and his pocketbook containing $140.00 was taken from him.

All of the victims, Engleking, Pollock, Schweppe and Wilson, testified that the attacks upon them occurred between 6:30 and 7:00 A.M. At approximately 7:15 A.M. Ralph Mussman arrived at the restaurant and found the four injured men and he immediately called the sheriff's office.

The record discloses that the victims were severely beaten about the head and body and all were taken to the hospital. Schweppe remained at the hospital for one week and Wilson for 16 days. The victims' injuries ranged from black eyes and bruised ribs to a fractured cheekbone suffered by Schweppe and to a dislocated eye and severely lacerated and broken nose suffered by Wilson.

In the city of Momence located some 5 or 6 miles south of the village of Grant Park, a police officer, Howard Bakeman, while on a routine patrol at about 6:50 A.M. on the morning of the crime noticed three black men who were attempting to tie down the trunk lid on a 1957 Chevrolet automobile. Bakeman later made an "in court" identification of the defendant Holt as being one of the three individuals. After a brief conversation the Chevrolet automobile departed on what is known as the "Blue Note Road" heading north. Twenty-five to thirty minutes later Bakeman again saw the Chevrolet but at this time it contained only two men. The vehicle was returning to Momence and traveling at a high rate of speed. Officer Bakeman reversed the direction of the squad car and gave pursuit to the Chevrolet and after a two mile chase forced it to a halt. The driver, being the defendant Holt, was ordered to step out of the car and told to produce his drivers license. The defendant told the officer that his license was in his wallet which was on the front seat of the car. The officer then found the wallet on the front seat of the automobile, opened it and observed that the drivers license contained therein had been issued to Fred Schweppe of Grant Park, Illinois. The wallet, license and its other contents were later identified by Schweppe as being his property. Found in the car in addition to the wallet was a gun and a jacket with car keys in its pocket which was later identified as being the property of the victim Engleking. Also found in the automobile were a radio, a combination radio and record player, a Sears walkie-

talkie, a Techmatic razor, butcher knife, five cigarette lighters, a metal plate for a Standard Oil credit card machine stamped with the name G. Wireman, a credit card key, and a ring of keys for the cash register and freezers located in the truck stop restaurant. All of these items were later identified by Gilford Wireman, the proprietor of the restaurant, as either being identical or similar to items which he owned and which were missing. Sums of currency approximating that amount which was removed from the victims were found in the pocket of the defendant and his companion, Jimmy Darlandf.

During the course of the trial the defendant testified that possession of the articles of property found in their vehicle was obtained when Darlandf retrieved and picked up a bag which contained the articles when it was thrown from a Mustang automobile traveling at a high rate of speed on a country road outside of Momence.

A further recital of facts will be set forth as they become essential and pertinent to issues raised in this appeal.

The defendant first contends that he was not proven guilty beyond all reasonable doubt. In support of his contention he strongly argues that testimony pertaining to the time of the crime and the time of his apprehension make it clear that he could not be guilty. It is true that none of the witnesses agreed to the exact minute as to the time of the sequence of events. The victims place the time of the robbery between 6:30 and 7:00 A.M. Officer Bakeman stated that he first saw the defendant some 5 or 6 miles from the restaurant at 6:50 A.M. and after visiting with him 3 or 4 minutes he saw the defendant leaving Momence at 7:00 A.M. The defendant further in support of his argument that he was not proven guilty beyond a reasonable doubt stresses the fact that none of the victims were able to identify him nor was there any evidence placing his car at the scene of the crime and that also there was a lack of scientific evidence, *i.e.*, fingerprints or blood samples, that would tend to prove he was at the scene of the crime.

The time factor was argued by both counsel for the defendant and the prosecuting attorney. The jurors had the opportunity of seeing and hearing the witnesses. Not only did they see and hear the victims of the crime but the defendant took the stand in his own behalf and related how a bag containing the stolen items was thrown out of a speeding vehicle while he and his companion Darlandf were fixing a flat tire. Yet the jury received no evidence to indicate any such bag ever existed but instead learned from testimony adduced during the trial that the stolen items were found scattered about and under the front seat of the 1957 Chevrolet which the defendant was driving at the time of his apprehension.

While it is true that none of the victims could positively identify any of their assailants, there was testimony introduced that the interior of the restaurant was darkened and the last three victims were subdued and rendered unconscious almost immediately after their entry into the building.

In addition to the testimony which placed recently stolen property in the possession of the defendant the jurors further learned from the evidence that when apprehended a hand gun clotted with blood and having a bent trigger guard was also in his possession.

■■ The weight of the evidence and its credibility are questions for the jury and it is neither the duty nor the privilege of a court of review to substitute its judgment for that of the jury on such questions, unless the evidence is so improbable as to raise a reasonable doubt of guilt. See *People v. Nicholls,* 44 Ill.2d 533, 256 N.E.2d 818; *People v. Novotny,* 41 Ill.2d 401, 244 N.E.2d 182; *People v. Mills,* 40 Ill.2d 4, 237 N.E.2d 697.

■■ The jurors by their verdict clearly illustrated that they did not believe the testimony of the defendant and it is such as would stretch one's credulity when you seek an answer as to why brutal and systematic robbers would throw away the fruits of their crime on a lonely country road. In addition to the right and duty of the jury to determine the credibility of witnesses we must also note that recent, exclusive and unexplained possession of stolen property by an accused person in and of itself gives rise to an inference of guilt which may be sufficient to sustain conviction in absence of other facts and circumstances which leave in the mind of the jury, or the trial court if the jury is waived, a reasonable doubt as to his guilt. *People v. Reynolds,* 27 Ill.2d 523, 190 N.E.2d 301; *People v. Pride,* 16 Ill.2d 82, 156 N.E.2d 551.

■■ That the evidence against the defendant was circumstantial does not place a conviction upon such a shaky foundation as to justify a reversal. Circumstantial evidence is legal evidence and a conviction based upon circumstantial evidence may be sustained just as if the conviction were based upon direct evidence. (*People v. Lenker,* 6 Ill.App.3d 335, 285 N.E.2d 807; *People v. Lacey,* 93 Ill.App.2d 430, 235 N.E.2d 649; *People v. Bernette,* 30 Ill.2d 359, 197 N.E.2d 436.) To support a conviction upon circumstantial evidence, it is only necessary that the proof of circumstances be of such a conclusive nature and tendency as to lead on the whole to a satisfactory conclusion and to produce a reasonable and moral certainty that the accused and no one else committed the crime. (*People v. Lenker,* 6 Ill.App.3d 335, 285 N.E.2d 807; *People v. Marino,* 44 Ill.2d 562, 256 N.E.2d 770; *People v. Bernette,* 30 Ill.2d 359, 197 N.E.2d 436.) The jury need not be satisfied beyond a reasonable doubt as to each link in the chain of circumstances relied upon to estab-

lish guilt, but it is sufficient if all the evidence taken together satisfies the jury beyond a reasonable doubt of the accused's guilt. *People v. Lofton,* 64 Ill.App.2d 238, 212 N.E.2d 705; *People v. Franklin,* 341 Ill. 499, 173 N.E. 607.

■■ We have carefully reviewed the record and notwithstanding the question raised concerning the lack of the establishment of a precise time as to the sequence of events and the failure of any of the victims to positively identify the defendant as being present in the restaurant we nevertheless for the reasons stated can only conclude that the defendant's guilt was established beyond a reasonable doubt.

The defendant next alleges that reversible error was committed when the trial court refused to give I.P.I. Criminal Instruction 3.02 in its entirety when all the evidence of guilt was circumstantial. The instruction tendered by the prosecution and given by the court was as follows:

"Circumstantial evidence is the proof of facts or circumstances which give rise to a reasonable inference of other facts which tend to show the guilt or innocence of the defendant. Circumstantial evidence should be considered by you together with all the other evidence in the case in arriving at your verdict."

The record discloses that counsel for the defendant vigorously objected to this instruction because it did not contain the following additional paragraph:

"You should not find the defendant guilty unless the facts and circumstances proved exclude every reasonable theory of innocence."

After lengthy discussion between the court and counsel, the court gave the instruction as originally tendered, thereby declining to agree with defense counsel that the additional paragraph should be included.

■■ The disputed instruction is one set forth in Illinois Pattern Jury Instructions—Criminal, No. 3.02 and is entitled "Definition of Circumstantial Evidence." The committee notes in regard to this instruction state, "The second paragraph should be given only when the proof of guilty is *entirely* circumstantial."

Accepting the  defendant's contention that all the evidence adduced during the course of his trial was circumstantial, we nevertheless do not agree that the omission of the additional paragraph to Illinois Pattern Jury Instruction—Criminal, No. 3.02 constitutes reversible error, for it is well settled that if an accused wishes a particular instruction to be given on a certain point it is his duty to prepare and ask for such instruction. (*People v. Walls,* 33 Ill.2d 394, 211 N.E.2d 699; *People v. Damen,* 28 Ill.2d 464, 193 N.E.2d 25; *People v. Gratton,* 28 Ill.2d 450, 192 N.E.2d 903; *People v. Mueller,* 2 Ill.2d 311, 118 N.E.2d 1; *People v.*

*Lenker*, 6 Ill.App.3d 335, 285 N.E.2d 807.) A trial judge has no duty to give instructions where a defendant does not tender them and a defendant cannot complain upon review that an instruction was not given when the defendant never tendered that instruction at the trial. *People v. Lenker*, 6 Ill.App.3d 335, 285 N.E.2d 807; *People v. Caldwell*, 79 Ill.App.2d 273, 224 N.E.2d 634, affirmed 39 Ill.2d 346, 236 N.E.2d 706; *People v. Carvin*, 20 Ill.2d 32, 169 N.E.2d 260.

In the instant case counsel for the defendant did complain and object to the giving of the instruction in question without the additional paragraph recommended and suggested by Illinois Pattern Jury Instructions —Criminal; however, upon being overruled by the trial court an instruction as desired by the defendant was not prepared and tendered to the court. In view of the trial court's previous ruling on the circumstantial evidence instruction it may well be argued that to require such action on the part of the defendant would be asking him to engage in an act of futility, but we believe not. Counsel for the defendant, not the prosecution, had the duty to seek instructions which he believed best protected the rights and interests of his client. In *People v. Lenker* the identical instruction was tendered by the prosecution, the defendant raised the same objection as was raised in the instant case. The trial court in *Lenker* made the same ruling as was made in the case now before us. In review it was held that no reversible error was committed since it was the defendant's, not the prosecution's, duty to tender the instruction in the form desired by the defendant.

■■ We therefore hold that the defendant is thus precluded from raising his objection to the instruction for the first time on appeal. Moreover, even error at trial does not require reversal unless it appears that justice has been denied or that the verdict of the jury resulted from such error. (*People v. Lenker*, 6 Ill.App.3d 335, 285 N.E.2d 807; *People v. Tranowski*, 20 Ill.2d 11, 169 N.E.2d 347; *People v. Cavanaugh*, 13 Ill.2d 491, 150 N.E.2d 592.) In the instant case we fail to find that the failure to give the instruction complained of was of such nature to have denied justice or to have precipitated the verdict.

■■ During the course of the trial the court admitted into evidence certain enlarged colored photographs which depicted the injuries received by the victims. The defendant contends that the introduction of such photographs is prejudicial error. With this contention we disagree. The photographs, albeit shocking in that they clearly show the severity of the attacks made upon the victims, are nevertheless illustrative of the use of "force" which is an essential element of the crime of robbery and therefore have probative value which justifies their admissibility as evidence. (See *People v. Smith*, 131 Ill.App.2d 794, 264 N.E.2d 232.) Further

we draw no distinction between the use of black and white photographs and colored ones. See *People v. Stoudt,* 90 Ill.App.2d 140, 232 N.E.2d 800.

The defendant also argues that there were warrantless searches of his automobile and that the trial court committed error when it denied a motion to suppress evidence which was discovered as the result of these searches.

As previously set forth in our recital of the facts in this case, Officer Bakeman pursued the defendant's vehicle because of the excessive speed with which it was being driven. While in pursuit of the defendant the officer received a radio message that a robbery had been committed in Grant Park. After the defendant's automobile had been stopped the officer asked him for his drivers license. The defendant told him that it was in his wallet which was on the front seat of his car. The officer saw the wallet, in plain view, took it, opened it and observed a drivers license issued to a Fred Schweppe. The record discloses that Officer Bakeman's suspicions were aroused because he was aware of the fact that no Negroes resided in Grant Park. Having knowledge of a robbery having been committed in Grant Park, the officer radioed for assistance which resulted in the arrival of another State trooper and law enforcement officials from the office of the county sheriff. A subsequent search of the defendant's car by other law enforcement officials resulted in the discovery of a gun and other articles.

■■■■ We fail to find any illegality in the search conducted by Officer Bakeman which resulted in the seizure of the wallet. In fact we use the word "search" advisedly since the facts concerning the seizure of the wallet fail to indicate conduct on the part of the officer which is normally and customarily associated with what is a search. A search implies a prying into hidden places for that which is concealed, and it is not a search to observe that which is open to view. (*City of Decatur v. Kushmer,* 43 Ill.2d 334, 253 N.E.2d 425.) In the instant case there was no probing or prying into private places for the seizure of the wallet. It was in plain view and the officer had every right to take it for the purpose of checking a drivers license which he was told that it contained. We do not believe that there was an illegal seizure of this item. See *People v. George,* 49 Ill.2d 372, 274 N.E.2d 26; *Harris v. United States,* 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed. 1067.

There is no conflict in the testimony that at the time of the search which resulted in the seizure of the gun a radio dispatch had previously alerted the officers conducting the search that there had been a robbery in Grant Park. The presence of Schweppe's wallet in the defendant's

car also provided proof which was more than adequate to justify a search for weapons. Considering the circumstances in their totality we deem the search which resulted in the seizure of the gun was reasonable and the trial court properly admitted the weapon in evidence. See *People v. Holloman*, 46 Ill.2d 311, 263 N.E.2d 7.

■■ During the course of the trial defendant's counsel professed surprise that the search of the defendant's automobile had been made by virtue of a search warrant. It is true that the warrant was issued some hours after the search had actually been made, however, we have previously set forth in this opinion that such search was reasonable and legal. The court denied the motion to quash the warrant and suppress evidence which was made during the court of the trial on the grounds that it was not timely made. We agree with the trial court's ruling since the record belies the professed ignorance of defendant's counsel regarding the warrant. A pre-trial hearing on a motion to suppress had been held approximately three weeks prior to the trial at which time counsel for the defense was informed by the prosecution as to the warrant having been issued. The record further discloses that defense counsel admitted to the court during the course of the trial that he did in fact possess such knowledge approximately three weeks prior to trial. Section 114—12 (c) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1971, ch. 38, par. 114—12 (c) ), which sets forth the statutory law of our State regarding motions to suppress evidence, states:

> "The motion shall be made before trial unless opportunity therefore did not exist or the defendant was not aware of the grounds for the motion. * * *"

There was ample time prior to trial for the defendant's counsel to question the validity of the warrant. He chose not to do so and cannot now claim as error that the trial court denied him such a hearing during course of trial.

The defendant next argues that error was committed to order judgment and sentence on both armed robbery and aggravated battery when the acts committed were neither independently motivated or otherwise separable.

■■ It is clear from the record that the victims Fred Schweppe and Harold Engleking were first robbed as they were lying unconscious on the floor of the restaurant and then after the robbery they were brutally beaten, which resulted in serious bodily injury. The acts of the defendant, while committed in the course of the same transaction, involved conduct which was clearly divisible from the conduct which constituted the other offense. (See *People v. Moore*, 51 Ill.2d 79, 281 N.E.2d 294; *People*

v. *Ellis,* (132 Ill.App.2d), 271 N.E.2d 47.) The trial court properly entered judgment and sentence on both armed robbery and aggravated battery.

■■ Lastly it is the defendant's contention that the sentences imposed are excessive and contrary to the objectives of sentencing. With this contention we do not agree. This court has recently expressed its view that in imposing sentence the trial court has an obligation to the public as well as to the person found guilty of a crime. Thus in sentencing the court must consider the punishment warranted under the circumstances of the particular case, the protection of the public, and the potential for rehabilitation of the party being sentenced. The circumstances of the case include the nature of the offense, the attending circumstances, the character and propensities of rehabilitation, and all other pertinent matters. *People v. Jackson,* 3 Ill.App.3d 574, 277 N.E.2d 900.

■■ The defendant as a basis for his claim that there should be a reduction of sentence calls attention to his military and employment records and further stresses the absence of any prior felony convictions. Without again reciting the facts it is suffice to note that he was found guilty of a grave and serious crime, during which a gun was both fired and used as an instrument to beat unresisting victims with such a degree of viciousness that they were seriously injured. We further must note that since the time of the commission of the offense of armed robbery by the defendant our State legislature has indicated its concern about this dangerous crime by enacting legislation which raises the minimum penalty from two to five years and by classifying this crime as one not subject to probation. In the light of all the circumstances we would not be justified in superimposing our judgment upon that of the trial court. See *People v. Leggett,* 2 Ill.App.3d 962, 275 N.E.2d 651; *People v. Hanserd,* 125 Ill.App.2d 465, 261 N.E.2d 317.

For the reasons set forth the judgments and sentences of the circuit court of Kankakee County are hereby affirmed.

Judgments affirmed.

ALLOY, P. J., and DIXON, J., concur.