THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* A. C. WASH-INGTON, Defendant-Appellant.

(No. 56650; )

First District—November 29, 1972.

BURMAN, J., dissenting.

Gerald W. Getty, Public Defender, of Chicago, (Elliott M. Samuels and James J. Doherty, Assistant Public Defenders, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Elmer C. Kissane and Stephen Connolly, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE ADESKO delivered the opinion of the court:

Defendant, A. C. Washington, was charged with the offense of aggravated battery. After a jury trial, he was found guilty and sentenced to a term of not less than three nor more than nine years in the Illinois State Penitentiary. Defendant raises the following issues for review:

    1. Whether defendant was denied effective assistance of counsel at trial;

    2. Whether the trial court abused its discretion in permitting the State to introduce, in rebuttal, defendant's prior burglary conviction for the purpose of impeachment; and

    3. Whether the sentence of three to nine years is excessive.

The facts are as follows:

John Booth and Louis Dopson testified that on May 29, 1970, they were employed at a market located at 1228 S. Kedzie Avenue, in Chicago and that during a work break they went to 1226 S. Kedzie where defendant, A. C. Washington, was living. They became engaged in a dice game with defendant and his wife on the front steps of defendant's house. When Mrs. Washington was throwing the dice, during the game, defendant and Louis Dopson made a $2.00 wager on the outcome of Mrs. Washington's roll of the dice. Dopson won the wager and picked up the money.

Defendant told Booth and Dopson that he was going to get his money back. Defendant then went into the house, returned with a rifle and demanded that Dopson return the money. John Booth observed Dopson return the money to Mrs. Washington just before defendant shot Dopson in the leg.

Defendant testified that no dice game ever occurred. Rather he stated that his wife was returning from the corner store when she was approached by Louis Dopson who asked for $2.00. Mrs. Washington told Dopson to ask her husband for the money which defendant stated Dopson did. When defendant refused to give Dopson any money he stated that Dopson pulled out a knife and approached defendant. Defendant stated he then ran up the stairs of his house and pulled out a rifle kept immediately inside the door and shot Dopson.

Dolores Scott, a passerby, testified that she saw Dopson near defendant's steps with a knife in his hand. Louis Dopson, however, testified that he did not have a knife while he was on defendant's porch and that testimony was corroborated by John Booth and Jethro Alexander, an employee of the market who was standing outside of the market and observed the dice game. A police officer who investigated the shooting testified that he found no knife.

Defendant was charged with the offense of aggravated battery and after a jury trial was found guilty. He was sentenced to serve not less than three nor more than nine years in the Illinois State Penitentiary.

■■ Defendant's initial contention on appeal is that he was denied effective assistance of counsel at trial. Defendant in the instant case was represented by private counsel. Where a defendant in a criminal case employs private counsel, his conviction will not be reversed on appeal merely because his counsel failed to exercise the greatest skill, or for that reason, that it might appear, in looking back over the trial, that he had made some tactical blunders. (*People v. Stephens*, 6 Ill.2d 27, 128 N.E.2d 731; *People v. Lenker*, 6 Ill.App.3d 335, 285 N.E.2d 807.) A conviction will not be reversed unless representation was of such low caliber as to amount to no representation at all, or that it was such as to reduce the trial to a farce. *People v. Washington*, 41 Ill.2d 16, 241 N.E.2d 425; *People v. Clark*, 9 Ill.2d 46, 137 N.E.2d 54, *cert.* denied, 352 U.S. 1002, *rehearing denied*, 353 U.S. 931.

■■ In the instant case, defendant's attorney conducted extensive cross-examination of the State's witnesses, introduced testimony by defendant which if believed would demonstrate self-defense and introduced other defense witnesses to corroborate defendant. Upon examination of the record presented here, it cannot be said that the representation of defendant was of such low caliber as to require a reversal.

■■ Defendant next contends that the trial court erred in permitting the State to introduce in rebuttal, defendant's prior burglary conviction in an attempt to impeach defendant's testimony. The Illinois Supreme Court, in *People v. Montgomery*, 47 Ill.2d 510, 268 N.E.2d 695, has approved a rule adopted by the Committee on Rules of Practice and Procedure of the Judicial Conference of the United States which provides:

\* \* \*

> "Evidence of a conviction under this rule is not admissible if a period of more than 10 years has elapsed since the date of the conviction or of the release of the witnesses from confinement whichever is the later date."

The Supreme Court held in *Montgomery* that the admission of a conviction of less than ten years duration for impeachment purposes should be

within the sound judicial discretion of the trial court. Defendant here completed his sentence on the prior burglary conviction less than 10 years before trial in the instant case, but he contends that in allowing evidence of that conviction for the purpose of impeaching his testimony, the trial court abused its discretion by not exercising it. Defendant maintains that the trial judge merely examined the dates involved and after finding that the prior conviction was less than 10 years before the instant case arbitrarily held that evidence of said conviction could be offered to impeach defendant.

■■ The record in the case at bar reveals that the trial judge was well aware of his duty to exercise his sound discretion in determining when a conviction which is less than 10 years old may be admitted to impeach a defendant. In response to a statement by counsel that the admission of prior convictions is discretionary with the judge, the trial judge replied, "[w]e all agree with that." The trial judge also indicated that he had weighed the prejudice to defendant against the probativeness for impeachment purposes of the prior conviction and that he was properly exercising his discretion when in response to the statement by counsel that "[i]n all good faith and conscience, Your Honor should exercise such discretion not prejudicing the defendant", the trial judge replied:

"We have gone over that. I have to disagree, not prejudicing him that much.

I follow the guidelines, those are the guidelines, even though it's up to the trial judge."

The trial judge in the instant case did not abuse his discretion in allowing evidence of defendant's prior conviction to be offered to impeach his credibility.

■■ Defendant's final contention on appeal is that the sentence of three to nine years is excessive. Defendant was convicted of the offense of aggravated battery. Section 12—4 of our Criminal Code provides that an individual convicted of aggravated battery may be imprisoned in the penitentiary for from one to 10 years. (Ill. Rev. Stat. 1969, ch. 38, par. 12—4.) At a hearing on aggravation and mitigation, evidence showed that defendant had several prior convictions and defendant had threatened to sue the victim in the instant case if the case went to trial. When a defendant contends that the punishment imposed by the trial court is excessive, although within the limits prescribed by the legislature, a court of review should not disturb the sentence unless it clearly appears that the penalty constitutes a great departure from the fundamental law and its spirit and purpose, or that the penalty is manifestly in excess of the proscription of the Illinois Constitution which requires that all penalties be proportioned to the nature of the offense. (*People v. Taylor,*

33 Ill.2d 417, 211 N.E.2d 673; *People v. Smith*, 14 Ill.2d 95, 150 N.E.2d 815.) As the trial judge ordinarily has a superior opportunity in the course of a trial and a hearing in aggravation and mitigation to make a sound determination of punishment, an appellate tribunal should exercise its authority to reduce sentences with considerable caution and circumspection. (*People v. Taylor*, 33 Ill.2d 417, 211 N.E.2d 673.) In the instant case we find that defendant's sentence was not excessive.

For the foregoing reasons, the judgment of the Circuit Court of Cook County is hereby affirmed.

Judgment affirmed.

DIERINGER, P. J., concurring.

Mr. JUSTICE BURMAN dissenting:

The evidence in this case was sharply conflicting. The witnesses for the State, Louis Dopson and John Booth, testified that on May 29, 1970, they were playing dice with the defendant and his wife on the front steps of defendant's home. An argument ensued and the defendant, A. C. Washington, shot the complaining witness, Dopson, in the leg. The defendant and his wife both denied playing dice with the State's witnesses on the day in question. They testified that Dopson had been drinking and had demanded money from the defendant's wife. An argument followed. When Dopson drew a knife and moved toward the defendant, the latter got a rifle and shot him. A passerby testified that she saw Dopson with a knife in his hand and the defendant with a rifle. She said they appeared to be arguing.

When a case is close on the facts, and a decision depends and must be determined upon conflicting testimony, the evidence presented to the jury must be exceptionally free from any error which might be likely to influence or tilt or swing the balance in favor of one party or the other. This is particularly true when the State has the burden of proving the defendant guilty beyond a reasonable doubt.

In rebuttal the trial court permitted the State over objections to introduce the defendant's 1960 burglary conviction in order to impeach his credibility. Prior to the introduction of this evidence there was a conference in the judge's chambers. The court reviewed the recent case of *People v. Montgomery*, 47 Ill.2d 510, 268 N.E.2d 695. In that case our Supreme Court recognized that the prejudicial effect of evidence of prior criminal convictions is unmistakable. The Court also noted the Advisory Committee comment to Rule 609, "Impeachment by Evidence of Conviction of Crime," that, "the most significant feature of the rule is the requirement that the evidence of conviction be excluded if the

judge determines that its probative value is outweighed by the danger of unfair prejudice." *People v. Montgomery*, 47 Ill.2d 510, 517, 268 N.E. 2d 695, 699.

In *Luck v. United States*, 348 F.2d 763, the Court stated that in exercising its discretion, the trial court should consider a number of factors, such as the nature of the prior crime, the length of the criminal record, the age and circumstances of the defendant, "and, above all, the extent to which it is more important to the search for truth in a particular case for the jury to hear the defendant's story than to know of a prior conviction. The goal of a criminal trial is the disposition of the charge in accordance with the truth." (p. 769) All of these factors were held to be relevant in *Montgomery*. It does not appear from the record in the case at bar, however, that the trial court considered any of them. In the instant case, the trial judge merely noted that the defendant was released from prison slightly less than ten years before the prior conviction was offered into evidence, and allowed the proof of the prior conviction to be admitted.

It is significant to note that the defendant pled guilty to a burglary charge ten or eleven years previous to the present conviction. I do not believe the prior conviction was relevant to his credibility in this case. Surely the charge was not similar to the present indictment. He served his time and since then there have been no felony convictions against him. As stated in *Gordon v. United States*, 383 F.2d 936, *cert.* den. 390 U.S. 1029, the rationale in *Luck* was that because of the potential for prejudice, the admission of prior convictions for impeachment purposes was discretionary with the trial court. "We contemplated the possibility of allowing some convictions to be shown and some excluded; examples are to be found in those which are remote and those which have no direct bearing on veracity, and those which because of the peculiar circumstances at hand might better be excluded." *Gordon v. United States*, 383 F.2d 936, 939.

As pointed out in a footnote to *Gordon*, "It must be remembered that the prior conviction involved in *Luck* was a guilty plea. The relevance of prior convictions to credibility may well be different as between a case where the conviction of the accused was by admission of guilt by a plea and on the other hand a case where the accused affirmatively contested the charge and testified, for example, that he was not present and did not commit the acts charged. In the latter situation the accused affirmatively puts his own veracity in issue when he testifies so that the jury's verdict amounted to a rejection of his testimony; the verdict is in a sense a *de facto* finding that the accused did not tell the truth when sworn to do so." *Gordon v. United States*, 383 F.2d 936, 940.

This was a close case on the evidence. In my opinion, the admission of a conviction over ten years old which was not relevant to the present charge erroneously influenced the jury to the prejudice of the defendant. I believe this case should be reversed and remanded, and at the new trial the admission of the prior conviction should be denied.