THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* EDDIE LEE HOWELL, Defendant-Appellant.

(No. 11640;

Fourth District—December 13, 1972.

John F. McNichols, of Defender Project, of Springfield, (Bruce L. Herr, of counsel,) for appellant.

Richard A. Hollis, State's Attorney, of Springfield, (Walter H. Kasten, Assistant State's Attorney, and David Dorris, Senior Law Student, of counsel,) for the People.

Mr. PRESIDING JUSTICE CRAVEN delivered the opinion of the court:

The defendant Howell along with two co-defendants, Jerry Lockett and Theodis McDonald, were indicted for the offense of armed robbery. The defendant Howell entered a plea of guilty to the offense. The petition for probation was denied and a sentence of 4 to 16 years in the Illinois State Penitentiary was imposed. Upon this appeal, Howell's sole contention is that the sentence is excessive and that this court, acting under the authority of Supreme Court Rule 615, should reduce the sentence. The other two defendants ultimately plead guilty—one received a sentence of 2 to 12 years and the third, Lockett, entered a plea to a lesser charge of theft

in excess of $150 and was sentenced to a term of 1 to 6 years. They have separate appeals pending.

The trial court had before it the petition for probation, the report of the probation officer, together with the testimony at the probation hearing which was considered as evidence in aggravation and mitigation.

The offense here involved related to armed robbery of the auditor's office of the State House Inn, Springfield. The defendant Howell was armed with a gun. The employee-victims of the robbery were tied up with plastic coated wire and white adhesive tape was used as a gag. The facts and circumstances of this armed robbery clearly indicate a planned and sophisticated offense. The defendant Howell had not previously been convicted of a felony, but there was a conviction for resisting arrest by reason of a forfeiture of bond.

There was affirmative evidence submitted by way of mitigation including a relatively stable family situation, thirty-nine months of military service consummating in an honorable discharge, and a history of employment, although some indication of shifting from job to job.

Our review of this record persuades us that the trial court properly considered the varying degrees of participation, the varying backgrounds, and, in fact, varying culpability of the offenders, and we cannot say that the sentence imposed upon defendant Howell is such as would warrant the exercise of authority granted this court to reduce the sentence. That which we observed in *People v. Scott*, 117 Ill.App.2d 344, 253 N.E.2d 553, with reference to the exercise of the authority to reduce sentence is applicable here.

We agree with our colleagues of the Third District as expressed in the case of *People v. Holt*, 7 Ill.App.3d 646, 288 N.E.2d 245, when they observed that since the time of the commission of the offense of armed robbery in that case, as here, the state legislature has indicated its concern about this dangerous crime by enacting legislation which raises the minimum penalty from 2 years to 5 years and classifying the crime as one not subject to probation. We cannot say that the sentence here, although the offense antedates that change in the law, is so oppressive as to warrant appellate interference with the sentence conscientiously imposed after due consideration of relevant information. The judgment of the circuit court of Sangamon County is affirmed.

Judgment affirmed.

SMITH and SIMKINS, JJ., concur.