THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ARCHIE L. FAIRCHILD *et al.*, Defendants-Appellants.

(No. 12599; )

Fourth District—May 22, 1975.

*Rehearing denied June 10, 1975.*

Richard J. Wilson, of State Appellate Defender's Office, of Springfield, for appellants.

Roger W. Thompson, State's Attorney, of Lincoln (G. Michael Prall, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE SIMKINS delivered the opinion of the court:

Defendants-appellants Archie L. Fairchild, William Earl Phelps, and Richard L. Summers were tried before a jury and convicted of burglary. Fairchild was sentenced 4 to 12 years, Phelps 1 to 3 years, and Summers 1 to 3 years.

Defendants contend that the evidence does not establish their guilt beyond a reasonable doubt. We see no reason to recite in detail all of the evidence which was adduced. The Genz Pharmacy in Lincoln, Illinois, was the object of the burglary in question. A police officer observed a Chevrolet El Camino at 4 A.M., on Commercial Drive in Lincoln. He noted the color, took down the license plate and noted that one of the occupants scooted down in the seat as if to conceal himself. Between 10 and 20 seconds later the officer discovered that the pharmacy had apparently been forcibly entered. A window had been broken and the front door was ajar.

He then set out in pursuit of the car which he had observed in the vicinity of the pharmacy, and after a chase at speeds up to 120 m.p.h. caught up with the car at a point some 10 to 14 miles east of Lincoln. The car was occupied by defendants who were arrested. The officer noted that the car was the one which he had originally observed. During the chase, which occurred on Route 10, the officer observed no other cars on the road. At a point about 5 miles east of Lincoln, while in pursuit of defendants, the officer noted items strewn all over the highway. These items were subsequently gathered up and consisted of syringes and medicine bottles and some of the items were similar to items taken from the drugstore. Also found was a stereo which was the same type unit as that taken from the store. Microscopic examination of glass particles of glass removed from defendant Fairchild's shoes were similar in color to particles of glass recovered at the scene of the burglary. A tire iron found in the car occupied by defendant had on it a green and white substance which matched the color of the door and door facing on the pharmacy. There was sufficient evidence to support the jury's verdict.

Defendants also complain that the case against them was completely circumstantial and that the trial judge erred in giving IPI (Criminal) Instruction 3.02 without the inclusion of the final paragraph which reads:

> "You should not find the defendant guilty unless the facts and circumstances proved exclude every reasonable theory of innocence."

■■ It is the duty of the accused to prepare and tender an instruction if he desires that the jury be instructed on a given point. (*People v. Walls*, 33 Ill.2d 394, 211 N.E.2d 699.) It was defendants' duty to prepare and tender an instruction supplying the omission and his failure to do so precludes him from complaining of the omission in this court. (*People v. Lenker*, 6 Ill.App.3d 335, 285 N.E.2d 807.) This is true even though the trial judge has previously indicated that he would refuse the instruction. *People v. Holt*, 7 Ill.App.3d 646, 653, 288 N.E.2d 245.

For the above stated reasons the judgments of the trial court are affirmed.

Judgments affirmed.

TRAPP and GREEN, JJ., concur.